## Brooke's Appeal.

| 64     127|
e 36 SC 532|

64   127
d225 2572

1. Stearns gave to DeHaven a mortgage acknowledged February 6th, it was left in the recorder's office and endorsed by the recorder "February 6th 1866 at 3½ o'clock P. M., Recorded." In the *record* of the mortgage the acknowledgment was dated as January 6th. *Held*, that the lien commenced at the time it was endorsed, and was not affected by the clerical error in recording the acknowledgment.

2. A mortgage commences its lien the moment it is left for record, endorsed by the recorder, and entered on the recorder's book under the Act of May 28th 1775, although it may not be actually recorded during any length of time.

January 18th and 19th 1870.   Before THOMPSON, C. J., READ, SHARSWOOD and WILLIAMS, JJ.   AGNEW, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Montgomery county*, distributing the proceeds of sheriff's sale of the real estate of Sarah Ann Stearns: No. 169, to January Term 1870.

The auditor's report in this case exhibits the following facts: George Guest being owner of a mill, &c., in Norristown, on the 1st of March 1865 conveyed it to Perry M. Hunter and Samuel DeHaven, subject to a mortgage to Hugh J. Steen for $3000. On the 6th of February 1866, DeHaven conveyed his undivided half to Sarah Ann Stearns for $23,500, subject to $1500, the one-half of the $3000 mortgage ; $6000 were paid in cash and a bond and mortgage for $17,500 of the same date given to DeHaven for the balance of the purchase-money. The mortgage was acknowledged February 6th 1866, and it so appeared by the magistrate's certificate. It was recorded in the recorder's office of Montgomery county on the same day, as is shown by the records, endorsed "at 3½ o'clock, P. M., recorded." The mortgage was accurately entered in the index of the mortgage book. In the *record*, however, of the certificate of acknowledgment it is stated that it was acknowledged in "January" instead of "February." On the 8th of March 1866, Mrs. Stearns executed a mortgage on her interest in the same premises to Mary Ann Brooke for $6000. This mortgage by its certificate *appears* to have been acknowledged February 8th 1866—it was recorded March 13th 1866. The DeHaven mortgage was recorded before the Brooke mortgage. DeHaven entered judgment on the bond secured by the mortgage. The property was sold under the Steen mortgage, after the paying of which and of the costs, &c., there remained for distribution the sum of $8413.75 as the proceeds of the interest of Mrs. Stearns.

There were many facts reported by the auditor as bearing on the distribution; those above stated are all that are necessary to an understanding of the case as considered by the Supreme Court.

[Brooke's Appeal.]

Mrs. Brooke claimed to be paid the amount of her mortgage, alleging that the record of DeHaven's mortgage was a nullity, it appearing on the record that it had been acknowledged before its date. The auditor, Charles T. Miller, Esq., reported amongst other things :—

" 1. The DeHaven mortgage is a *lien*, and is entitled to the money by *priority of lien*.

" 2. If it is no lien, DeHaven is still entitled to the money by virtue of the lien of his judgment upon his bond. The Brooke mortgage from the same cause being no *lien*."

He accordingly awarded the whole sum to DeHaven.

After exception by Mrs. Brooke, the court confirmed the report.

She appealed to the Supreme Court, and assigned the confirmation of the report for error.

*G. R. Fox*, for appellant.—A mortgage defectively registered is not notice: Goepp *v.* Gartiser, 11 Casey 133 ; Bolton *v.* Johns, 5 Barr 149; Coyne *v.* Souther, 11 P. F. Smith 455 ; Solms *v.* McCulloch, 5 Barr 474 ; Heister *v.* Fortner, 2 Binney 40 ; Peebles *v.* Reading, 8 S. & R. 496 ; Green *v.* Drinker, 7 W. & S. 440 ; Hetherington *v.* Clark, 6 Casey 393 ; Luch's Appeal, 8 Wright 519 ; Magaw *v.* Garrett, 1 Casey 319 ; Stewart *v.* Freeman, 10 Harris 123 ; Improvement Co. *v.* Mitchell, 11 Casey 269.

*F. B. Gowen* and *J. Boyd* (with whom were *C. Hunsicker* and *C. H. Stinson*), for appellees, referred to Miner *v.* Graham, 12 Harris 491 ; Bennett *v.* Paine, 7 Watts 334 ; Barrey *v.* Sutton, 2 Id. 31 ; Musser *v.* Hyde, 2 W. & S. 314.

The opinion of the court was delivered, January 31st 1870, by

READ, J.—Samuel DeHaven and Perry M. Hunter, on the 1st March 1865, became the owners of a building and lot of ground, in the lower ward of the borough of Norristown, subject to a mortgage of $3000. They were engaged in the manufacture of woollen goods, and converted the building into a woollen factory, by placing the requisite machinery in it, and enlarging the building. On the 6th February 1866, Samuel DeHaven and wife conveyed his undivided half of the said woollen factory building and lot of ground to Sarah Ann Stearns. P. M. Hunter from this date carried on this woollen factory with Mrs. Stearns, as his ostensible partner, under the firm name of P. M. Hunter & Co.

The purchase-money was $23,500, subject to one-half of the $3000 mortgage, and was made up of $6000 in cash, and a purchase-money mortgage and bond for $17,500. On the 6th February 1866, cotemporaneously with the delivery of the deed, Mrs. Stearns executed, acknowledged and delivered to Samuel DeHa-

[Brooke's Appeal.]

ven, a mortgage for $17,500 upon the same premises with a bond for the same amount, to secure the payment of the balance of the purchase-money.

The mortgage was duly acknowledged on the said 6th February 1866, before a notary public, and on the same day recorded in the office for recording of deeds, &c., at Norristown, in and for the county of Montgomery, in Mortgage Book No. 57, page 99, at $3\frac{1}{2}$ o'clock, P. M.

The appellant, Mary Ann Brooke, holds a mortgage of the same premises, executed by Mrs. Stearns, for $6000. This mortgage is dated March 8th 1866, and acknowledged February 8th 1866, and recorded March 13th 1866.

By a clerical error, the recorder has dated the acknowledgment of the first mortgage "January" instead of "February." The original deed is correct in every particular, and has on its back in the recorder's handwriting, the date of its receipt for record— "February 6th 1866, at $3\frac{1}{2}$ o'clock, P. M. Recorder's fee paid." It was properly indexed in the mortgage index, with a reference to the mortgage-book and page in which it is recorded.

There is no such case in our reports. The case of Solms v. McCulloch, 5 Barr 473, was entirely different. It was a scire facias upon a mortgage, which, when offered in evidence, was found to be dated November 12th 1835, and acknowledged on the 9th October and recorded on the 23d November. The error was in the original mortgage. Judge Rogers says: "This raises two questions. 1st. Was the mortgage defectively registered, or in other words, had the recorder authority to record the mortgage?" The doubt here clearly arose from the defective acknowledgment on the original mortgage itself. The plaintiffs on the trial, after the rejection of the mortgage, then proved the execution of it. "The first," says the learned judge, "raises an open and interesting question, which we are not at this time prepared to decide, in consequence of the necessary absence of one of the judges, and a difference of opinion among those who heard the argument." Now this does not touch the first Stearns mortgage at all, for there is no doubt of the authority of the recorder to record it, but it does impinge upon the mortgage to Mrs. Brooke, which is identical in its circumstances with the rejected mortgage in 5 Barr.

In this dearth of positive authority, we must turn to the act relating to mortgages, and see what its provisions are. All mortgages shall have priority, according to the date of recording, and it shall be the duty of the recorder to endorse the time upon the mortgages when left for record and to number the same according to the time *they are left for record,* and if two or more are left on the same day they shall have priority according to the time they are left at the office for record, and that no mortgage shall be a

14 P. F. SMITH—9

lien until such mortgage shall have been recorded *or left for record as aforesaid.*

The mortgage therefore commences its record and its lien the moment it is left for record and is endorsed by the recorder, and entered upon the recorder's book, as required by the Act of 28th May 1775. It may remain there weeks and months, before it is actually recorded, and yet it is record notice to all the world. A regular mortgage entitled to record is a record the moment it is left for record and ·so continues for·all time to come: Musser *v.* Hyde, 2 W. & S. 314.

We entertain no doubt that this record was notice to all the world, and the auditor has found that the appellant had also actual notice of the mortgage.

We are satisfied with the findings and conclusions of the auditor, and the decree is affirmed, and appeal dismissed at the costs of the appellant.