## Brubaker's Estate.

*Liens—Priority—Mortgages—Recording—Defective record.*

1. A mortgage properly executed and acknowledged for recording is recorded the moment it is left with the recorder of deeds for that purpose and so continues for all time.

2. The fact that the recorder of deeds has not properly noted of record that the justice of the peace before whom a mortgage had been acknowledged had affixed his signature and seal is a mere clerical oversight that does not deprive the mortgage of its right to priority as against all later judgments.

Exceptions to auditor's report. O. C. Somerset Co.

*C. L. Shaver,* for exceptant.

*Ross R. Scott, Joseph Levy* and *E. O. Kooser,* contra.

BALDWIN, P. J., 36th judicial district, specially presiding, May 7, 1925.— The facts in this case are few and undisputed. Edward H. Brubaker, on June 2, 1919, executed and acknowledged a mortgage of $4000 to Harvey Shaffer to secure a loan of like amount. Through an oversight of the justice of the peace who took the acknowledgment, the mortgage was handed by him to the Recorder of Deeds of Somerset County without the justice's signature or seal to the certificate of acknowledgment. About three weeks later, after the instrument had been actually recorded and before any other liens were entered, this oversight was discovered. The mortgage was thereupon returned to the justice of the peace, who signed the acknowledgment, attached his seal thereto and returned the instrument to the recorder, who, however, neglected to record the signature and seal of the justice.

Thereafter, the following judgments were entered against Edward H. Brubaker in the following order:

(1)

| First National Bank of Hooversville | No. 76 May Term, 1922 |
|---|---|
| *v.* | Debt—$4000.00 |
| Edward H. Brubaker | Entered—Feb. 21, 1922 |

(2)

| Harvey Shaffer | No. 111 May Term, 1922 |
|---|---|
| *v.* | Debt—$550.00 |
| Edward H. Brubaker | Entered—March 2, 1922 |

(3)

| Johnstown and Somerset Railway Co., for use of First National Bank of Addison, | No. 2735 September Term, 1922 |
|---|---|
| | Debt—$2500.00 |
| *v.* | Entered—September 8, 1922 |
| Edward H. Brubaker | |

The First National Bank of Hooversville had actual notice of the Shaffer mortgage, and, of course, as between these two liens, there can be no question but that the mortgage takes priority. The auditor held, however, that the mortgage was not a lien because defectively recorded; he, therefore, postponed it to all the other liens save that of the First National Bank of Hooversville and made distribution accordingly.

For two reasons, we think this distribution erroneous. The first reason is that, before any judgments were entered, the recorder had in his hands a duly executed, acknowledged and certified mortgage. Inquiry would have developed the fact that the failure to record the seal of the justice of the peace and his signature was a mere clerical oversight: Brooke's Appeal,

Brubaker's Estate.

64 Pa. 127. "The mortgage . . . commences its record and its lien the moment it is left for record and is endorsed by the recorder and entered upon the recorder's book, as required by the Act of March 18, 1775, 1 Sm. Laws, 422. It may remain there weeks and months before it is actually recorded, and yet it is record notice to all the world. A regular mortgage entitled to record is a record the moment it is left for record, and so continues for all time to come: Musser v. Hyde, 2 W. & S. 314."

In the second place, the auditor's distribution overlooks the fact that the judgment of the First National Bank of Hooversville is a valid lien and entitled to priority as against all the later judgments. Such being the case, and the lien of the bank being second to that of the mortgage, the money will go to the liens, including the mortgage, in their order, as far as the fund will reach. The judgments subsequent to that of the Hooversville Bank may not participate in the fund until the bank has been satisfied, and the bank may not have a penny until the mortgage creditor has been paid in full. This is the principle of Wilcocks v. Waln, 10 S. & R. 379, and of Manufacturers and Mechanics Bank v. Bank of Pennsylvania, 7 W. & S. 336; and the principle is recognized in later cases, including Tryon v. Munson, 77 Pa. 250.

The exceptions are, therefore, sustained and the account is recommitted to the auditor with instructions to modify the distribution in accordance with the views expressed in this opinion.