J. H. DOYLE and Others v. LUELLA T. WAGNER and Others.[1]

July 16, 1909.

Nos. 16,230—(192).

**Registration of Title — Mechanic's Lien.**
    Action to foreclose a mechanic's lien on the land of the defendants. De-

[1]Reported in 122 N. W. 316.

fense was a decree registering the title under the Torrens system, which did not recognize and establish the alleged lien. *Held,* the findings and decision of the trial court that the registration proceedings were regular and the decree was obtained without fraud are sustained by the evidence.

### Same — Application of Act.

Section 27, c. 305, Laws 1905, providing for the foreclosure of liens not recognized and established by the decree, applies only to parties not bound by the decree. The plaintiffs are bound by the decree.

Action in the district court for Ramsey county to foreclose a mechanic's lien for $652.78. The case was tried before Orr J., who made findings and as conclusion of law found Luella T. Wagner to be the owner of the premises in dispute free of any lien claimed by plaintiffs. From an order denying defendants' motion to set aside the decision of the court and for a new trial, and denying plaintiffs' motion for a new trial, both plaintiffs and defendants appealed. Defendants' appeal dismissed. Plaintiffs' appeal affirmed.

*Thos. C. Daggett,* for plaintiffs.

*W. H. Williams,* for defendants.

START, C. J.

Action to foreclose a mechanic's lien on the property of the defendants Wagner, commenced in the district court of the county of Ramsey on December 22, 1905. The defendants demurred to the amended complaint, and upon appeal to this court from an order sustaining the demurrer it was held that the complaint stated a cause of action. Doyle v. Wagner, 100 Minn. 380, 111 N. W. 275. The defendants then answered, alleging, with other defenses, that proceedings were duly instituted in the district court of the county of Ramsey to register under the Torrens system the title to the lot upon which the plaintiffs claim a lien; that a decree of registration was duly made and entered on August 28, 1905, registering the title to the lot in the name of the defendant Luella T. Wagner; that a certificate of registration was duly issued to her; and, further, that neither in the decree nor in the certificate was there any exception of the alleged lien of the plaintiffs. The reply alleged that the plaintiffs were not made parties to the registration proceedings; that the defendants then knew of the plaintiffs' lien upon the property, and fraudulently

and secretly instituted and prosecuted the registration proceedings to defeat their rights.

The trial court found, in effect, that the plaintiffs, as subcontractors, furnished materials and labor for the construction of a house upon the defendants' lot of the reasonable value of $750, of which $550 remained unpaid; that the contractor failed to pay such balance, and the plaintiffs on March 17, 1905, filed a lien statement in the office of the register of deeds, in which it was stated that they had furnished materials and labor for a dwelling house on lot 18, block 18, of Anna E. Ramsey's addition to St. Paul, known as No. 1153 Ashland avenue, which was not the number of any house on lot 18, but was the number of the defendants' house on lot 16, in the same block, and that the property to be charged with the lien was lot 18; that the defendant Luella's title to lot 16 was duly registered, as alleged in the answer; that neither the abstract nor the examiner's report filed in the registration proceedings made any reference to plaintiffs' alleged lien on defendants' property; that she did not at any time during the pendency of the registration proceedings have any notice or knowledge of the existence of the plaintiffs' alleged lien, and, further, that the allegations of fraud in the reply were not true. The trial court's conclusions of law were to the effect that the defendant Luella was the owner of the property free and clear of the lien claimed by the plaintiffs.

Both parties made a motion for a new trial, each motion was denied, and each party appealed from the order denying his motion. The plaintiffs' assignments of error raise two questions.

1. The first one is whether the finding of fact of the trial court as to the knowledge of the defendants of the alleged lien and the allegations of fraud in the reply is sustained by the evidence. We are of the opinion that the evidence was not sufficient to require a finding for the plaintiffs upon the allegations of knowledge and fraud, and, further, that the evidence fairly sustains the finding made.

2. The other question is whether the court's conclusion of law is justified by the facts found. This depends upon the effect to be given to the registration proceedings.

The statute under which the registration proceedings were had is chapter 305, p. 454, Laws 1905. Sections 14, 15, and 21 provide

that all persons shown by the report of the examiner to be in possession of the land, or to have any title to or interest therein, or lien or incumbrance thereon, shall be named in the summons as defendant, with all other persons or parties unknown claiming any right, title, estate, lien, or interest therein or thereon; that by the phrase "all other persons or parties unknown" all the world are made parties defendant, and shall be bound and concluded by the decree of registration; and, further, that the decree shall be binding and conclusive upon all persons, whether mentioned by name or included in the phrase "all other persons or parties unknown." Sections 22, 24, and 25 provide that the decree of registration shall set forth all liens on the land, and that the person receiving a certificate title pursuant to such decree, and every subsequent purchaser of registered land, who receives a certificate of title in good faith, shall hold the same free from all liens, except those noted thereon, and, further, that any party not actually served, who had no notice of the pendency of the proceedings, may apply to the court at any time within sixty days after the entry of the decree for leave to answer. Section 28 provides that an appeal may be taken from the judgment within six months from the date thereof.

In the case of Reed v. Siddall, 94 Minn. 216, 102 N. W. 453, this court, in construing similar statutory provisions, held that the existence and validity of liens must be established in the registration proceedings, or they are barred, but not their foreclosure. In Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 Am. St. 394, it was held that a duly registered land title was indefeasible, unless obtained by fraud, in which case the defrauded party was not bound by it. In the case at bar the plaintiffs were not named in the summons as defendants, nor was it personally served on them, presumably for the reason that the defendants' lot was not described in the lien statement filed; hence no reference was made to it in the abstract and examiner's report filed in the registration proceedings. The plaintiffs were, nevertheless, parties to the proceedings by virtue of the provisions of section 15. The registration proceedings were regular, and there was no fraud in obtaining the decree. It follows that the plaintiffs were bound by the decree, although it did not recognize or establish their lien.

It is, however, the contention of the plaintiffs that they are entitled to maintain this action to foreclose their alleged lien, which was brought within six months from the date of the decree, by virtue of section 27, the here material provisions of which are these: "No action or proceeding for the enforcement or foreclosure of any lien or charge upon or against registered land, in existence at the date of any original decree of registration hereafter entered, and which is not recognized and established by such decree, shall be maintained, unless such action or proceeding is commenced within six months from the date of such original decree. No such action or proceeding shall be commenced by any person who is bound by the decree." It is clear that this section applies only to parties who are not bound by the decree, and authorizes them to foreclose their liens within six months from the date of decree, although such liens were not recognized and established by the decree. The plaintiffs are bound by the decree, and provisions of section 27 referred to have no application to this case. Therefore the conclusion of law of the trial court is sustained by the facts found.

It follows that it is not necessary to consider the defendants' appeal, and that it should be dismissed, and that the order appealed from by the plaintiffs should be affirmed. So ordered.