Argued October 3, affirmed November 7, rehearing denied November
27, 1923.

# CHRISTENSON v. CHRISTENSON ET AL.

(219 Pac. 615.)

**Records—Registration of Mortgage Without Notation upon Owner's
Duplicate Certificate Held Constructive Notice as Against Sub-
sequent Purchaser at Sheriff's Sale.**

Registration of plaintiff's prior mortgage on land registered un-
der the Torrens System, Sections 9973, 9974, 9987, 9988, 9992, 9997,
9998, 10023, 10024, 10028, Or. L., without notation of such mort-
gage upon owner's duplicate certificate, as provided in Section 9998,
*held* such constructive notice to a purchaser at a sheriff's sale fore-
closing a subsequent attachment lien as to prevent him from assert-
ing defense of innocent mortgagee, Section 9998 prescribing that
such duplicate may be presented, being merely a provision for the
owner's convenience, and not for the purpose of giving notice; the
real source of notice being the register.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

This was a suit to foreclose a mortgage upon
land registered under the alleged Torrens system
enacted in this state. While they are somewhat vol-
uminous, the sections of the statute bearing upon
the point in issue here must, for the sake of clarity,
be set forth in full. They are as follows:

"§ 9973. (Olson's Oregon Laws.) 'Register of
Titles,' What Entries and Notations to Contain.

"The registrar shall keep a book, to be known as the
'register of titles,' wherein he shall enter all first and
subsequent 'original' certificates of title, by binding
or recording them therein, in the order of their num-
bers, with appropriate blanks for the entry of me-
morials and notations allowed by this act. Each cer-
tificate, with such blanks, shall constitute a separate

Proceedings under Torrens Act, see notes in 12 Ann. Cas. 834;
Ann. Cas. 1913C, 871; Ann. Cas. 1918E, 184.
Registration of mortgage under Torrens System as constructive
notice to purchaser, see notes in 11 A. L. R. 772; L. R. A. 1916D, 14.

folium of such book.    All memorials and notations that may be entered upon the register under the terms of this act shall be entered upon the folium constituted by the last certificate of title of the land to which they relate.    Whenever the term certificate of title is used in this act, it shall be deemed as including all memorials and notations thereunder noted.    [Laws 1901, p. 448, § 34; B. & C., § 5427; L. O. L., § 7211.]

"§ 9974.    Owner's Duplicate Certificates.

"The registrar shall, at the time that he makes out his original certificate of title, make out an exact duplicate thereof, with the memorials and notations thereunder noted, which shall be delivered to the owner, and shall be known as the owner's duplicate. [Laws 1901, p. 448, § 35; B. & C., § 5428; L. O. L., § 7212.]

"§ 9987.    Entry of New Certificate, Effect of—Registration Relates Back to What Filing.

"Every transfer of registered land shall be deemed to be registered under this act when the new certificate to the new transferee shall have been entered, as in the case of the first registration; and all other dealings shall be considered as registered when the memorial or notation shall have been entered in the register upon the folium constituted by the existing certificate of title of the land; but for the protection of the transferee or person claiming through any transfer or dealing, the registration shall relate back to the time of filing in the registrar's office the deed, instrument, or notice, pursuant to which the transfer, memorial, or notation is made.    [Laws 1901, p. 451, § 48; B. & C., § 5441; Laws 1907, Chap. 142, § 4; L. O. L., § 7225.]

"§ 9988.    Filing Instruments by Registrar.

"The registrar shall mark as filed every deed, mortgage, lease, and other instrument which may be filed in his office, in the order of its receipt, and shall note thereon at the date of filing the minute, hour, day, and year it is received.    When the date of filing any instrument is required to be entered upon the register, it shall be the same as that indorsed upon such

instrument. An instrument so filed shall impart notice of its contents in like manner and with like effect as if it had been duly authenticated so as to be entitled to record and had been filed for record at the date of its filing and recorded in the proper records of the same county. [Laws 1901, p. 451, § 49; B. & C., § 5442; Laws 1907, Chap. 142, § 5; L. O. L., § 7226.]

"§ 9992. Effect of Instruments Purporting to Convey or Incumber Registered Land.

"A deed, mortgage, lease, or other instrument purporting to convey, transfer, mortgage, lease, charge, or otherwise deal with registered land, or any estate or interest therein, or charge upon the same, other than a will or a lease not exceeding five years, where the land is in actual possession of the lessee or his assigns, shall take effect only by way of contract between the parties thereto, and as authority to the registrar to register the transfer, mortgage, lease, charge, or other dealing upon compliance with the terms of this act. On the completion of such registration, the land, estate, interest, or charge shall become transferred, mortgaged, leased, charged, or dealt with according to the purport and terms of the deed, mortgage, lease or other instrument. [Laws 1901, p. 452, § 53; B. & C., § 5446; Laws 1905, Chap. 169, § 6; L. O. L., § 7230.]

"§ 9997. Mortgages, Leases, and Other Charges may be Registered.

"Every mortgage, lease for a term not exceeding ten years, contract to sell, and other instrument intended to create a lien, incumbrance, or charge upon registered land, or any interest therein, shall be deemed to be a charge thereon and may be registered as hereinafter provided. [Laws 1901, p. 453, § 58; B. & C., § 5451; L. O. L. § 7235.]

"§ 9998. Requisites to and Manner of Registration of Charge of Land.

"On the filing of the instrument intended to create the charge in the registrar's office, and the production of the duplicate certificate of title, and its appearing to the registrar that the person intending to

create the charge has the title and right to create such charge, and that the person in whose favor the same is sought to be created is entitled by the terms of this act to have the same registered, he shall enter upon the proper folium of the register, and also upon the owner's certificate, a memorial of the purport thereof, and the date of filing the instrument with a reference thereto by its file number, which memorial shall be signed by the registrar. The registrar shall also note upon the instrument on file the volume and folium of the register where the memorial is entered. [Laws 1901, p. 454, § 59; B. & C., § 5452; Laws 1905, Chap. 169, § 7; L. O. L., § 7236.]

"§ 10028.   Title not Affected by Any Lien Until Memorial is Entered on Register.

"No statutory or other lien shall be deemed to affect the title to registered land until after a memorial thereof is entered upon the register as herein provided.   [Laws 1901, p. 462, § 89; B. &. C., § 5482; L. O. L., § 7266.]

"§ 10023.   Judgment or Decree not a Lien Until Filed With Registrar and Memorial Entered in Register.

"No judgment or decree or order of any court shall be a lien upon or affect registered [land] or any estate or interest therein, until a certificate, under the hand and official seal of the clerk of the court in which the same is of record, stating the date and purport of the judgment, decree, or order, or a certified copy of such judgment, decree, or order, is filed in the office of the registrar, and a memorial of the same is entered upon the register of the last certificate of the title to be affected.   [Laws 1901, p. 460, § 84; B. & C., § 5477; L. O. L., § 7261.]

"§ 10024.   Levy of Attachment, Execution, etc., not a Lien Unless Memorial Thereof Entered and Certificate Filed.

"Whenever registered land is levied upon by virtue of any writ or attachment, execution or other process, it shall be the duty of the officer making such levy to file with the registrar a certificate of the fact of

such levy, a memorial of which shall be entered upon the register, and no lien shall arise by reason of such levy until the filing of such certificate and the entry in the registrar of such memorial, any notice thereof, actual or constructive, to the contrary notwithstanding. [Laws 1901, p. 461, § 85; B. & C., § 5478; Laws 1905, Chap. 169, § 12; L. O. L., § 7262.]''

The facts may be stated chronologically in about the following order: About October 17, 1917, Martin Christenson and wife acquired title to the property involved in the suit and received what is known in the suit as an owner's duplicate certificate of title.

About October 25, 1917, J. F. Daws took a mortgage on this property. He had it filed and registered and also noted on the owner's duplicate certificate. He retained possession of the owner's certificate. There is no attempt to foreclose his mortgage in this suit.

On April 12, 1918, plaintiff's mortgage was filed for registration and entered in the proper record in the office of the registrar, but was not noted on the owner's duplicate certificate by reason of the fact that the same was not in the possession of either the mortgagee or the mortgagors but was in the possession of Daws, who took the mortgage on October 25, 1917.

About June 22, 1918, one Refsland commenced an action against Martin Christenson and wife in Benton County and caused the mortgaged property to be attached and such attachment to be noted on the owners' duplicate, as well as on the register. About a year later the property was sold at sheriff's sale in that action to appellant Torgerson. The latter presented the sheriff's certificate of sale and the owner's duplicate to the Marion County registrar, but

the owner's duplicate was not delivered to Torgerson with the knowledge or consent of Christenson or his wife. The registrar then observed that plaintiff's mortgage was not noted on the owner's duplicate, although it had been filed and registered, and in order that the mortgage might appear in its proper place on the owner's duplicate, the registrar erased the memorandum of attachment thereon and noted thereon a memorandum of plaintiff's mortgage and then noted the sheriff's certificate of sale.

There is just one question to be determined in this case, and that is whether the registration of plaintiff's mortgage without a notation upon the owner's duplicate is such constructive notice to Torgerson and wife as to prevent them from being in the position of innocent mortgagees without notice of the prior mortgage held by plaintiff. In the Circuit Court there was a finding in favor of plaintiff and a decree of foreclosure of plaintiff's mortgage, from which decree defendants Torgerson and wife appeal.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief and oral argument over the name of *Mr. Custer E. Ross.*

For respondent there was a brief and oral argument over the name of *Mr. James G. Heltzel.*

McBRIDE, C. J.—This suit involves a construction of the crude attempt to graft upon our statutes an exotic system of registration, to be carried along coincidentally with the old and tried system which has been in force since the first organization of civil government in Oregon. There are serious doubts

109 Or.—26

as to its constitutionality, but both parties in this case are claiming under it and we assume, in the consideration of this case, that the system is constitutional. It is seldom used in this state and no one can examine its provisions without being struck by its extreme crudity and by the fact that it requires a good deal of judicial construction to make it workable at all. Anyone who has perused Niblack's *Analysis of the Torrens System* will be impressed with the fact that under all governments having constitutional limitations upon the judicial power these Torrens statutes are crude to the extent of being almost unworkable, but, assuming that there is enough left of them after striking out clearly unconstitutional attempts to confer upon our administrative officer many powers that are clearly judicial, we will consider the case in hand.

We find nothing in our statute which makes the owner's duplicate certificate constructive notice, or any notice, of any fact connected with the title, and we do not regard this statute so beneficial in character as to entitle us very liberally to construe into it provisions not contained in the statute itself:

" * * When it is said that an intending purchaser may rely on the certificate of title, the register, the page of the register reserved for the particular land, is meant. The duplicate certificate may have been an exact copy of the register when it was executed, but involuntary liens may have been placed on the register subsequently, and may not have been noted on the duplicate certificate. A purchaser may examine the register, and may not rely on a duplicate certificate. In favor of a *bona fide* purchaser for value, the register is conclusively presumed to show everything which is subject to registration, but the statutory burdens which are not the subject of regis-

tration must be inquired into off the register.''
Niblack on the Torrens System, § 63.

This statement is not only valuable as the opinion
of an author who has given much study to this ques-
tion, but it accords with common sense and justice.
If we take the present instance we can see how un-
just any other rule would be.    When the mortgagors
in ·this case, Martin and Gladys Christenson, exe-
cuted their first mortgage to J. F. Daws he received
it with the duplicate certificate and kept it, and it
was not within the control of the plaintiff or Christen-
son and wife from that time on; nor were they in
condition to present it to have the second mortgage
noted upon it.    They did what they could do by hav-
ing it noted upon the register and the duplicate certifi-
cate does not appear ever to have been presented
at the registrar's office until Torgerson and wife got
possession of it and presented it for the purpose of
having the attachment noted thereon.    The pur-
pose of using a duplicate certificate was not for notice
to the public, but for the owner's own convenience,
and was not intended to be a prerequisite to registra-
tion but simply a privilege which the owner had of
acquiring cheaply an abstract of his title for his own
convenience.    The real source of notice is the regis-
ter, and this the defendants Torgerson and wife de-
clared they never consulted; if they had, as common
prudence required them to do, they would have been
informed of the existence of plaintiff's mortgage.

We hold that the registration acquired by the pro-
duction of the original certificate was sufficient to
constitute constructive notice of the state of the title,
irrespective of whether it was noted on the owner's
duplicate or not,—the statute prescribing that such
duplicate may be presented being merely a provision

for the owner's convenience, and not for the purpose of notice to anybody.

The decree of the Circuit Court is affirmed.

AFFIRMED.   REHEARING   DENIED.

BEAN and RAND, JJ., concur.

BURNETT, J., took no part in the decision of this case.