IN RE APPLICATION OF JOSEPH LEE AND ALVINA LEE.[1]

April 29, 1927.

No. 25,646.

**Redemption from mortgage by life tenant.**

1. A life tenant of property subject to a mortgage must keep down
the interest on the mortgage debt. If he redeems, he will hold for the
joint benefit of himself and the remainderman, the latter being re-
quired to contribute his share of the amount required for redemption.

**Proportion of redemption money chargeable to life tenant.**

2. In the latter case, the life tenant is himself chargeable with an
amount equal to the present worth of an annuity equal to the annual
interest on the mortgage debt for the period of his own expectancy.

**Jurisdiction of district court to issue new Torrens certificate to homestead.**

3. A deceased having left a widow and minor child, the homestead
descended immediately upon the death of the owner. It was not an
asset for the purpose of administration. The fact that there had been
no final probate decree distributing the estate (the homestead being
registered land) does not deprive the district court of jurisdiction to
determine title in a proceeding to procure a new certificate.

**Mortgage on registered land does not affect title to land until registered.**

4. Of itself, a mortgage upon registered land operates only as a
contract between the parties and as authority to the registrar to make
registration. It takes effect upon the title only by registration.

Courts, 15 C. J. p. 1136 n. 63.
Estates, 21 C. J. p. 958 n. 2; p. 959 n. 17, 18, 21.

[1]Reported in 213 N. W. 736.

Homestead, 29 C. J. p. 994 n. 18; p. 1016 n. 63.
Mortgages, 41 C. J. p. 497 n. 19 New.
Records, 34 Cyc. p. 606 n. 62 New.

See 17 R. C. L. 639; 4 R. C. L. Supp. 1150; 5 R. C. L. Supp. 955.
See 17 R. C. L. 640; 5 R. C. L. 955; 6 R. C. L. Supp. 1027.
See note in L. R. A. 1917C, 370 et seq.; 13 R. C. L. 666; 3 R. C. L. Supp. 71; 5 R. C. L. Supp. 705.

Petitioners Joseph and Alvina Lee applied to the district court for Ramsey county to issue to them a new certificate of title pursuant to the provisions of the Torrens act. Their petition was denied, and they appealed from an order, Bechhoefer, J., denying their motion for a new trial. Affirmed.

*Leslie C. Smith*, for appellants.

*Christofferson, Walsh, Christofferson & Jackson*, for respondent.

STONE, J.

By this proceeding, Joseph and Alvina Lee, husband and wife claiming as joint tenants, seek a new certificate of title of a St. Paul residence property. Elizabeth Marie Wartha, the mortgagee later referred to, joins in the petition. The decision below established a life estate in Alvina Lee, one of the petitioners, with remainder to her minor son, Lawrence Thompson, by a former marriage. It also denies the Wartha mortgage any lien on the remainder. This appeal is by petitioners from the order denying their motion for a new trial.

The fee was in William E. Thompson at the time of his death, intestate, in 1917. He left surviving him his widow (now Alvina Lee, one of the petitioners) and their son, the said minor, Lawrence Thompson. Being the homestead, the property descended to the widow and son, to the former a life estate and to the latter the remainder in fee. The widow became the administrator of the estate. Mr. R. A. Walsh of the St. Paul bar thereafter became the guardian of the minor and in that capacity raised the issue upon which the case was tried below. At the time of Mr. Thompson's death, the property was subject to a mortgage to one Danz for $850, some accrued taxes and a small mechanic's lien.

There are findings as follows: During her widowhood and until she married her copetitioner Joseph, Alvina Lee occupied the premises as her home. Since their marriage, the Lees have continued so to occupy them. For four years or more they neglected to pay taxes or interest on the mortgage debt. They did not keep up the insurance. The result was a foreclosure at which the property was bid in by Danz, the mortgagee. Both applicants knew of the threatened foreclosure for some time prior thereto. Mrs. Lee, as the representative of the estate of her former husband, was in possession of property by the proper use of which the foreclosure could have been prevented. Mr. Walsh, the guardian, was kept in ignorance of the foreclosure although the estate of his ward could have paid the portion of the mortgage indebtedness properly chargeable to the ward. The applicants, purposing to exclude the ward from his title as remainderman, purchased the sheriff's certificate of sale within the period allowed for redemption and caused it to be assigned to "a friend" who, after the period for redemption had expired, conveyed to applicants as joint tenants. In the meantime and as a part of their plan to divest young Thompson of his title, the applicants executed the Wartha mortgage for $1,000.

1. Having so found the facts, the learned trial judge correctly applied the rule of Whitney v. Salter, 36 Minn. 103, 30 N. W. 755, 1 Am. St. 656, and Upton v. Merriman, 116 Minn. 358, 133 N. W. 977, Ann. Cas. 1913B, 491. "A life tenant, in possession of property subject to mortgage, must keep down the interest accruing on such mortgage, and if he purchases an incumbrance upon or adverse title to the estate he will be regarded as having made the purchase for the joint benefit of himself and the remainderman." He cannot "hold it for his own exclusive benefit, if the other parties interested in the estate will contribute their share of the amount paid for the purchase." Accordingly, the judgment ordered below is conditioned upon the payment by the guardian out of the property of his ward of the latter's share of the encumbrances against the property at the time of the father's death.

2. The correctness of the computations made in order to ascertain that share are not in question, but the method is. The latter

is that stated in Pomeroy, Eq. Jur. (4th ed.) § 1223, and approved in Engel v. Ladewig, 153 Mich. 8, 116 N. W. 550. Mr. Pomeroy's statement is:

"By a settled rule of the law, the life tenant, A, is bound to pay the annual interest * * * This is his own debt, and for what he thus pays in keeping down the interest he is not entitled to any contribution from B, the owner in fee. When, therefore, A redeems the mortgage, a certain part of the money paid to the mortgagee would be the equivalent of the annual interest on the mortgage which A was obliged to pay at all events, and this part, being his own debt, need not be refunded to him by B * * * The problem then is to ascertain what portion of the total mortgage debt represents the annual interest on the mortgage which A is bound to pay during his life; subtracting that amount from the total sum, the balance is the share which B must contribute, and for which A may hold the mortgage as a lien on the land. * * * The rule is settled, that the present worth of an annuity equal to the annual interest running during the number of years which constitute his expected life represents the sum which A is liable to pay as *his* individual indebtedness; the balance, after subtracting this sum from the mortgage debt actually paid to the mortgagee, is the amount which B is liable to contribute."

We approve that rule. We cannot well do otherwise until a better one is suggested and none has been so far.

3. It is further objected that because the estate of William E. Thompson was still pending in the probate court, without a final decree of distribution, the district court had no jurisdiction. That the probate court is vested with exclusive jurisdiction to determine the descent of property of persons deceased cannot divest the jurisdiction of the district court in the instant proceeding. The property in question is a homestead, the title to which vested in the heirs absolutely upon the death of the ancestor. It was not an asset for the purpose of administration. G. S. 1923, § 8797. Compare Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265. An order setting it apart or a final probate decree at most would serve only

to identify the homestead as such and evidence its descent. Upon the death of William E. Thompson, the life estate of his widow and the remainder in fee of his son in his homestead vested without any act on their part "or on the part of the probate court." Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941.

4. The final claim for appellants is that Mrs. Wartha, as the mortgagee in the mortgage executed by the applicants in the carrying out of their plans to exclude the remainderman, will not be sufficiently protected by the judgment ordered below. It is argued that, to the extent that her money was used in the redemption therefrom, Mrs. Wartha should be subrogated to the rights of the mortgagee under the original mortgage to Danz or at least that the applicant Alvina Lee should be so subrogated. In this opinion, we are adopting the views expressed in the comprehensive memorandum of the learned trial judge. On this last point, we can do no better than quote from it as follows:

"The mortgage  *  *  *  appears to have been executed on the date of the petition.  *  *  *  The provisions of the registration law are decisive as to the rights of the mortgagee. (Section 8270 and 8300, G. S. 1923.) Being upon registered land, this mortgage * * * operated only as a contract between the parties and as authority to the registrar to make registration  *  *  *  The act of registration is the act which operates to convey or affect the land. Sec. 8293, [G. S.] 1923. A mortgage takes effect upon the title only from the time of registration.  *  *  *  The unfortunate mortgagee is given a lien upon the life estate, the only relief possible under the circumstances."

The motion for new trial was based in part upon alleged newly discovered evidence. The record and argument in support of that claim have been examined and found to be free from anything requiring a reversal.

Order affirmed.