JOHN, HORGAN v. WILLIAM C. SARGENT.[1]

December 19, 1930.

No. 28,030.

[1]Reported in 233 N. W. 866.

*Charles E. Adams*, for appellant.

*Leonard McHugh* and *Stinchfield, Mackall, Crounse & McNally*, for respondent.

*Frank T. Everhard*, examiner of titles of St. Louis county, and *R. G. Patton*, examiner of titles of Hennepin county, each filed a brief amicus curiae in support of the contention of appellant.

OLSEN, J.

Defendant appeals from an order denying his alternative motion for judgment or a new trial. The action is one to recover damages for a mistake and error of the registrar of titles in entering upon a certificate of title and duplicate a memorial of the purport of a mortgage on registered land.

The Roscoe Realty Company owned the real estate in question and caused the same to be registered in its name on March 15, 1926, under the registration act and received the proper duplicate certificate of title. In April, 1926, the company mortgaged the property to Union Trust Company to secure payment of $3,810. The mortgage was registered and a memorial of the mortgage was entered by the registrar upon the original and owner's duplicate certificates of title. This memorial erroneously stated the amount of the mortgage as being $3,300. In October, 1926, plaintiff purchased the property from the Roscoe Realty Company for a price of $6,800. As part of the consideration plaintiff agreed to assume and pay the mortgage in the sum of $3,300, and it was so provided in the conveyance to him. His evidence is that he relied upon the memorial on the certificate of title as to the amount of the mortgage and did not examine the original mortgage on file and had no actual notice or knowledge of the contents of the mortgage.

The action is brought under G. S. 1923 (2 Mason, 1927) § 8322, to recover out of the assurance fund in the hands of the defendant as county treasurer. There was a trial by jury of the issue whether the plaintiff was without negligence on his part in relying upon the memorial on the certificate of title as to the amount of the mortgage without examining the mortgage on file in the registrar's office, and the jury found in plaintiff's favor on that issue.

The question presented by the appeal is whether the trial court erred in not holding as a matter of law that the plaintiff was negligent in relying upon the memorial entered upon the certificate of title as to the amount of the existing mortgage on the land. The contention of the defendant is that, the mortgage being registered and on file in the registrar's office and noted in the memorial on the certificate of title, the plaintiff was charged with notice of the contents of the mortgage irrespective of any error in the memorial, that the plaintiff was bound to examine the mortgage instrument on file to ascertain the amount thereof, and was negligent in failing so to do.

The general purpose and effect of the Torrens title registration act and the construction of various sections thereof have been considered in a number of the decisions of this court, among them being State ex rel. Douglas v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L. R. A. 297, 89 A. S. R. 571; Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 A. S. R. 394; Doyle v. Wagner, 108 Minn. 443, 122 N. W. 316; In re Lee, 171 Minn. 182, 213 N. W. 736; Abrahamson v. Sundman, 174 Minn. 22, 218 N. W. 246; Dennis v. Swanson, 176 Minn. 267, 223 N. W. 288; In re Juran, 178 Minn. 55, 226 N. W. 201.

The only case in this court called to our attention where recovery from the assurance fund has been sought is Shevlin-Mathieu Lbr. Co. v. Fogarty, 130 Minn. 456, 153 N. W. 871. The case is not in point here on the facts, but holds that for a mistake or failure of the examiner of titles to ascertain the facts a purchaser in good faith suffering loss thereby may recover from the assurance fund.

A number of the sections of the registration of title act, found in G. S. 1923 (2 Mason, 1927) c. 65, have been cited by counsel.

It will not be necessary here to analyze and construe each of these sections or to set them out. The memorials entered upon a certificate of title become part of the certificate, and the certificate, including the memorials thereon, is made conclusive evidence of all matters and things contained therein. (G. S. 1923 [2 Mason, 1927] §§ 8280, 8282.) Section 8301 provides for the registration of mortgages on registered land. It directs that the registrar of titles "shall enter upon the original certificate of title and also upon the owner's duplicate certificate a memorial of the purport of the instrument registered, the exact time of filing, and the file number of same."

■ It is pointed out by counsel that the law does not specifically require that the memorial state the amount of the mortgage or other lien. The law is not specific as to what the memorial shall contain, except as to date of filing, file number, and in some cases date of the instrument. Section 8281, setting forth what shall be contained in a certificate of title, states that the certificate "shall by memorial contain a description of all incumbrances, liens and interests to which the estate of the owner is subject." In other sections of the law memorials are briefly referred to as "memorials," "memorials and notations," and as a statement of "the purport of the instrument." It is clear from the registration law that the memorial is intended to contain something more than the date, time of filing, and filing number of the instrument registered. It should contain a description of the encumbrance, lien or interest created, or the purport of the instrument. The law may not mandatorily require the registrar to state the amount of the mortgage, lien, or other charge in the memorial thereof. But considering the law as a whole the important feature is that it requires the registrar to state the facts truly and correctly in the memorial so far as he does state them. It is clear that the amount of a mortgage or lien is a material fact and may very properly be stated by the registrar in the memorial, whether specifically or mandatorily required of him or not. If he does state it, he must correctly state the amount. The registrar generally is not an attorney or a person learned in

the law. In these days of long and complicated trust deeds, leases, and other instruments registered, it may not readily be ascertained by him what the exact amount of the lien or interest created amounts to. The memorial is intended to be brief. If the registrar cannot readily ascertain from the instrument filed the amount of the lien created thereby, or other facts, a simple reference to the instrument on file for further information, with the date, time of filing, file number and kind of instrument, if that is readily ascertainable, will no doubt be sufficient. If he goes further and states the amount of the encumbrance or charge, or other material facts, his statement then becomes a part of the certificate of title upon which a purchaser may rely.

■ Defendant relies upon § 8294, which provides as follows:

"Every conveyance, lien, attachment, order, decree, or judgment, or other instrument or proceeding, which would affect the title to unregistered land under existing laws, if recorded, or filed with the register of deeds, shall, in like manner, affect the title to registered land if filed and registered with the registrar in the county where the real estate is situated, and shall be notice to all persons from the time of such registering or filing."

It is somewhat difficult to harmonize this section, so far as the notice provision is concerned, with other sections of the law. The section is for the protection of grantees, mortgagees, and lien and judgment creditors, whose deeds, mortgages, liens, or judgments have been properly registered. We believe it should be held to go only to that extent. It was not intended for the protection of the registrar or the assurance fund. Again, as already seen, the act of registration of such an instrument includes the entering of a proper memorial of the instrument filed, except in case of a conveyance, upon the certificate of title and owner's duplicate thereof. If an incorrect memorial is made, the registration is defective, just as much as if no memorial had been entered.

In Morris v. Bentley, 2 Terr. L. R. 253 (Canada) the registrar omitted to enter any memorial of a mortgage filed with him on the certificate of title. Plaintiff, not knowing of the mortgage, made

a loan upon the property. His mortgage was held in part to be subsequent to the mortgage not shown by any memorial on the certificate of title. Plaintiff was held entitled to recover from the assurance fund for the loss suffered by him, under the provision of the act permitting recovery by any person sustaining loss or damage through any omission, mistake, or misfeasance of the registrar.

In Canada Life Assur. Co. v. Registrar, 5 Sask. L. R. 208, the registrar failed to enter on the certificate of title certain seed grain liens. The purchaser of the title was held entitled to recover from the assurance fund, and it was also held that he was entitled to rely on the certificate of title without making any search for seed grain liens.

■ The notice provided in § 8294 is constructive notice. As to unregistered land, actual possession is constructive notice of all rights in the land of the party in possession. This is not so as to registered land. Abrahamson v. Sundman, 174 Minn. 22, 218 N. W. 246. In the Juran case, 178 Minn. 55, 60, 226 N. W. 201, 202, this court said:

"The Torrens law has changed this rule as to registered land, and under that law possession of registered land is not notice of any rights under an unregistered deed or contract for deed. * * * That act abrogates the doctrine of constructive notice except as to matters noted on the certificate of title. We think however that it does not do away with the effect of actual notice."

What was here noted on the certificate of title was that the mortgage on the land was for $3,300.

If we assume that by § 8294 the filing and defective entering of a memorial of a mortgage is constructive notice to a subsequent purchaser of the land of the contents of the mortgage, it does not follow that the purchaser is negligent as a matter of law if he relies upon what is stated in the memorial and does not examine the mortgage instrument.

Section 8322 provides:

"Any person who, without negligence on his part, sustains any loss or damage by reason of any omission, mistake or misfeasance

of the registrar or his deputy   *   *   *   in the performance of their respective duties under this law   *   *   *   may institute an action in the district court to recover compensation out of the assurance fund for such loss or damage."

The fact that a purchaser of registered land in good faith relies upon the certificate of title and upon the memorials entered thereon, without going to the files of the registrar to examine an instrument described in a memorial, should not be held negligence as a matter of law. Negligence is ordinarily a question of fact. We conclude it was a question of fact in this case and that the evidence sustains the finding of the jury that plaintiff was without negligence.

In his *Analysis of the Torrens System* (1912 ed.) § 86, Mr. Niblack says that "memorials   *   *   *   do not assume to set forth in detail the burdens to which the title is subject; they are mere notes of reference, and the purchaser at his peril must examine such instruments and ascertain the contents.   *   *   *   In case of a variance between the memorial and the original instrument, the latter prevails." In § 203 he states that the purchaser "must examine the original mortgages, leases and caveats in order to discover the contents of them and to determine their legal effect." But he ends the section by saying that: "In a general treatise, and without decisions of courts on the subject, it is difficult to state what acts or omissions on the part of a person dealing with the register are to be considered as negligent."

There are a number of cases cited by Mr. Niblack from Australia and New Zealand. There appear to be differences between the statutes of these foreign jurisdictions and our own and differences in interpretation. While lending support to Mr. Niblack's able treatise, these cases are not controlling here.

In speaking of the indemnity fund in § 195(4), Mr. Niblack states:

"The indemnity fund is liable for loss which may be sustained by any person through any error, omission or misfeasance of anyone connected with the registry office, in the performance of his duties; and it is liable for a loss sustained through any error, omission or

misdescription in any certificate, or in any entry or by any cancellation. The last clause may refer to an error by the registry office, in which case the fund is primarily liable for the loss." This, he concludes, may be so because "there is an estoppel of record against the person who was the victim of the fraud or error."

Prouty v. Marshall, 225 Pa. 570, 74 A. 550, 25 L.R.A. (N.S.) 1211, cited for defendant, is a case under the recording act, and holds that where a mortgage is defectively recorded and indexed by inserting a wrong name of the mortgagor it is not constructive notice to a subsequent purchaser.

The case of Christenson v. Christenson, 109 Or. 396, 219 P. 615, holds that where a memorial of a mortgage is properly entered upon the original certificate of title kept in the registrar's office but not entered on the owner's duplicate certificate the original certificate controls and is constructive notice of the mortgage to subsequent mortgagees and attaching creditors.

The case of In re Seick, 46 Cal. App. 363, 189 P. 314, does not aid the defendant. It holds that one dealing with registered land may look to the register of titles in the registrar's office in order to ascertain the exact condition of the title. Where, as here, the owner's duplicate certificate contains the same information as the register of titles, it can make no difference which is examined.

We see no cause to apprehend any undue burden upon the assurance fund or upon the registrars of titles. As already pointed out, the registrar is not required to assume the burden of construing complicated instruments and is only required to state such facts as are readily ascertainable from the instrument filed. But when he does state material facts in a memorial, the statement should be correct.

Order affirmed.

DIBELL, J.
I dissent.