# STATE v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

February 17, 1939.

Nos. 31,791, 31,910.

[1]Reported in 284 N. W. 360.

2

See 200 Minn. 583, 274 N. W. 828, 275 N. W. 854.

*William S. Ervin,* Attorney General, and *Harry W. Oehler,* Assistant Attorney General, for the State.

*Doherty, Rumble, Butler, Sullivan & Mitchell, R. C. Beckett, Charles A. Helsell, V. W. Foster,* and *E. C. Craig,* for defendant-appellant.

HOLT, JUSTICE.

On plaintiff's appeal the judgment in its favor for omitted gross earnings taxes for the years 1922 to 1929, inclusive, in the amount of $12,866.50 was reversed. State v. Illinois Cent. R. Co. 200 Minn. 583, 274 N. W. 828, 275 N. W. 854. However, all defenses to a recovery for such omitted taxes were therein determined in favor of plaintiff, and also that the judgment should have been for the sum of $26,414.59. The case was remitted with direction that defendant be given the opportunity to prove the existence of a better method for ascertaining the correct credit balances for interchange of freight cars than the Burlington formula, and, in case no better one was proved, that defendant could also urge that the application of that formula contravened some provision of the state or federal constitution. The court below, over plaintiff's objection, permitted an amendment of the answer by adding this paragraph:

"That a better formula than the so-called 'Burlington Formula,' and the only one permitted under a proper construction of the statutes, is that which the state adopted and promulgated for the years in question, *i. e.,* that which requires the striking of a system balance and the allocation to Minnesota for taxation of a percentage thereof equal to the percentage of the reporting company's line in Minnesota."

Upon the limited issues the court was directed to try, it made these findings:

"1. That the application of the Burlington formula does not violate the constitutional rights of the defendant.

"2. That the track mileage formula, offered by the defendant, is not a better formula than the Burlington formula.

"3. That under the Burlington formula there became due and owing the plaintiff from the defendant $26,414.59 [the amount omitted each of the eight years, excluding penalties, is given].

"4. That that part of the gross earnings of the defendant, reflected in the net credit balances above set forth, were not included in defendant's semiannual returns  *  *  *  and the same were items of gross earnings not reported.

"5. That the Burlington formula was not formally suggested in this particular action until after the first trial, and was then suggested in plaintiff's motion for amended findings or a new trial (November 21, 1935), and the failure to report the freight car per diem earnings for the years 1922 to 1929, inclusive, according to the Burlington formula, was not due to the neglect or default of defendant."

The conclusion of law was that plaintiff recover $26,414.59, with interest at six per cent from and after the filing of the findings, and costs and disbursements. Each party moved separately for amended findings or a new trial. From the orders denying the motions each party appeals.

Plaintiff's appeal presents only its right to the penalty and interest prescribed in 1 Mason Minn. St. 1927, § 2235. The right to

4

penalty and interest under § 2240 cannot well arise, for the small error or omission discovered by the public examiner was promptly paid. L. 1913, c. 487, as amended by L. 1927, c. 308 (1 Mason Minn. St. 1927, §§ 2233 to 2242) and Ex. Sess. L. 1912, c. 9, as amended by L. 1919, c. 533 (1 Mason Minn. St. 1927, §§ 2246 to 2250) cover the law upon which penalties may be claimed. Section 2233 relates to reporting, upon forms prescribed by the tax commission, the gross earnings. Section 2237 provides what shall be done where there is a failure to report or default after notice served. There was no such proceeding during any of these eight years or within a reasonable time thereafter. Plaintiff relies on State v. C. R. I. & P. Ry. Co. 181 Minn. 615, 232 N. W. 105, 233 N. W. 866, where penalties were recovered. In that case there was a failure to report certain items of gross earnings, and it was held that the penalty and interest attached when the payment fell due and was not made. Since the enactment of 1 Mason Minn. St. 1927, § 95, the railroad companies could tender payment of part of the gross earnings demanded by the state and thus avoid penalties on such part. As we understand, that is not applicable to the instant case, where proper reports were filed, reports from which the tax was computed that was paid, and from which it could be computed as the court computed it in the first trial, and from which it could be computed under the Burlington formula. There was hence no failure to comply with the bookkeeping and accounts which defendant was required to keep under regulations of the tax commission and supervision of the public examiner. The failure to pay the taxes now found owing was because the statute prescribed no formula for computing the tax from the returns made. It had to be computed according to some formula. It was so computed for the time in question to the knowledge of the state agencies having the enforcement of the gross earnings tax in charge, and no one suspected that a better one could be devised until 1933. Such being the case, the taxpayer should not be subjected to penalties for failure to pay the credit balances derived from the interchange of freight cars with the different railroads operating some part of their trans-

portation system within the state. That penalties are not imposed unless clearly called for by a violation of some statutory duty in respect to the return or payment of the tax is illustrated in State v. G. N. Ry. Co. 160 Minn. 515, 200 N. W. 834. Although in that case interest accrued on the omitted tax after L. 1917, c. 398, § 3 (§ 95 of the code) took effect, the plaintiff could not recover such interest. In this action there were not separable items, but one sum of $182,751.30 demanded. Only $26,414.59 was recovered. It would be utterly repugnant to one's sense of justice to penalize defendant when it had paid, and the state agencies for each of the eight years in question had accepted, certain sums as the credit balances for interchange of cars according to accounts kept and reports made pursuant to statutes. We deem the fifth finding of the court, above quoted, well sustained that the failure to report and pay the credit balances for interchange of cars computed according to the Burlington formula was "not due to the neglect or default of defendant." In the memorandum made part of the findings the court refers to the fact that there is no statutory liability for interest on a railroad's gross earnings tax, and proceeds thus:

"By G. S. 1923, §§ 2235, 2237, and 2240, the gross earnings statutes prescribe what shall constitute a default, what penalties follow a default and what administrative remedial steps shall be taken after a default. Whatever may be the rule elsewhere (see Annotation in 96 A. L. R. 925), in this state a taxpayer is not in default if his property is not assessed for taxes without fault on his part, County v. M. P. & St. P. Land Co. [County of Redwood v. Winona & St. P. Land Co.] 40 Minn. 512, 41 N. W. 465, 42 N. W. 473, or where the tax levied is excessive, State v. G. N. Ry. Co. 160 Minn. 515, 200 N. W. 834; State v. Hughes Bros. Timber Co. 163 Minn. 4, 203 N. W. 436. There is and can be no claim that the failure to report the freight car per diem earnings for the years 1922 to 1929, inclusive, according to the Burlington formula was due to the neglect or default of the defendant. The tax on the freight car earnings demanded by the Minnesota Tax Commission prior to May, 1933, was paid. At all times since May, 1933, the

amount demanded has been excessive. The tax computed upon freight car per diem earnings ascertained according to the Burlington formula, unaugmented by unauthorized interest or penalties, has never been certified or otherwise demanded. Hence there never has been a default and no penalties can be imposed or authorized by the court herein."

Plaintiff's appeal must fail.

Defendant assails the Burlington formula as repugnant to state and federal constitutional provisions. If computation of defendant's credit balances from the interchange of freight cars with railroads operating in this state according to the said formula or method reaches accuracy more nearly than any other, all constitutional objections to its use vanish. That such credit balances constitute gross earnings of a railroad has been settled law since 1908. State v. M. & I. Ry. Co. 106 Minn. 176, 118 N. W. 679, 1007, 16 Ann. Cas. 426; State v. G. N. Ry. Co. 163 Minn. 88, 203 N. W. 453.

The defenses held not valid on the first appeal do not raise any constitutional question, as we see it, but merely fact issues. By reference to defendant's briefs on that appeal and on the rehearing, it appears that it was exhaustively argued that, since for more than 20 years prior to 1933, the credit balances for interchange of freight cars between railroads had been reported on prescribed forms and computed according to a uniform system or formula upon which the tax was paid, plaintiff should be estopped now to claim any omitted gross earnings tax for the years in question. That defense was definitely rejected. So also was the one that there had been an account stated for any omission to report and pay credit balances for the years 1922 to 1929, inclusive, when the public examiner upon auditing the returns for said years found an omission of $119.13, which he reported to the state auditor, who, pursuant to statute, drew a draft therefor on defendant, including $11.91 penalty and $29.54 interest, total of $160.58, which was promptly paid to the state treasurer and his receipt obtained July 20, 1931. The duty and powers of the public examiner by virtue of 1 Mason Minn. St. 1927, § 3282, were emphasized in defendant's

said briefs and the contention made that there had been an account stated and paid. It is clear that it was not intended to leave either of these two defenses to be either retried or open to the claim that constitutional provisions required either one to be sustained.

The decisive finding of fact, on defendant's appeal, is the one "that the track mileage formula, offered by the defendant, is not a better formula than the Burlington formula." As we read defendant's evidence it does not even tend to prove that the formula it was permitted to plead and prove would more accurately reflect the credit balances on interchanged freight cars than the Burlington formula. It only showed that some seven or eight of the railroads operating large trackage within the state had no credit balances under the Burlington formula. But, as shown in the former opinion, the trackage operated by a railroad within the state does not measure the credit balances from car rentals of its system that may be allocated to its gross earnings tax here. Defendant's evidence does not refute but sustains the court's findings to the effect that its proposed formula is not better than the Burlington formula.

The order on plaintiff's appeal is affirmed and likewise is the order on defendant's appeal.

MR. JUSTICE PETERSON took no part for reasons given in 200 Minn. 583, 274 N. W. 828, 275 N. W. 854.

