[L. A. No. 17100. In Bank.—Sept. 13, 1941.]

ROBERT P. WARDEN, Appellant, v. ROSS WELCH et al., Defendants; SIMON SVENSRUD et al., Respondents.

J. Everett Brown for Appellant.

Arch H. Vernon, Earl E. Johnson and Lawrence L. Otis for Respondents.

GIBSON, C. J.—This action was brought pursuant to the provisions of sections 33 and 98 of the Land Title Act (2

Deering's Gen. Laws, Act 8589) for a decree compelling the registrar of titles to file a deed conveying certain real property to plaintiff, to cancel a certificate of title theretofore issued to the defendants Svensrud, and to issue a certificate of title to plaintiff showing him to be the owner of such property in fee simple. A general demurrer filed by defendants Svensrud was sustained without leave to amend and judgment was entered thereon. Plaintiff has appealed.

The complaint sets forth in substance the following essential facts. The land here involved was registered under the Land Title Act in 1924 and by mesne conveyances title became vested in Charles P. Warden, to whom a certificate of title was issued. In February, 1927, the holder of a bond representing a street assessment against the property commenced an action in the Superior Court of Los Angeles County to foreclose the bond. Notice of *lis pendens* in the action was filed with the registrar of titles, judgment of foreclosure of the bond was ordered and, pursuant thereto, the commissioner appointed by the court sold the property on June 7, 1933, to Ross Welch. The commissioner's certificate of sale was filed with the registrar of titles and, at the expiration of the time for redemption, the commissioner's deed was issued and filed, and, in February, 1935, a certificate of title was issued to Welch. Thereafter Welch conveyed the property to the defendants Svensrud and the registrar issued a certificate of title showing an estate in fee simple vested in them. On November 2, 1936, a deed executed in July, 1936, by Charles P. Warden and his wife purporting to convey the property to the plaintiff, and the certificate of title which had been issued to Charles P. Warden prior to the foreclosure proceedings were presented to the registrar of titles and demand made that he file the deed and issue a certificate showing title to the property to be vested in the plaintiff. The registrar refused to comply with such demand and the present action resulted.

Plaintiff contends that the certificate of title issued to defendants Svensrud as a result of a conveyance to them by the purchaser at the foreclosure sale is void and of no effect because such sale was of registered land "for a tax or assessment" and notice of the purchase as required by section 77 of the Land Title Act was not given to the registrar. That section provides in part:

"A purchaser of registered land sold for any tax or assessment, shall, within five days after such purchase, file in the office of the registrar a written notice of such purchase. And thereupon the registrar shall enter a memorial thereof upon the certificate of title, and shall mail to each person named in the certificate, and in the memorials thereon, a copy of said notice. . . . Unless such notice is filed as herein provided, the land shall be forever released from the effect of such sale, and no deed shall be issued in pursuance thereof."

Defendants answer that section 77 was intended to apply only where summary sales by public officers are held for delinquency in taxes or assessments; that the street assessment and the bond evidencing it were merged in the judgment of foreclosure; and that the sale was therefore one to satisfy a judgment, regulated not by section 77 but by section 88. That section provides:

"Whenever registered land shall be sold to satisfy any judgment, decree, or order of court, the purchaser shall file with the registrar a duly certified copy of the order of sale, or of the order confirming such sale, when the same needs to be confirmed by the court, and also the certificate, if any, of the officer, that the terms of sale have been complied with, and thereupon the registrar shall transfer the land to him, and issue a new certificate of title therefor to said purchaser."

Section 77 has been held applicable and its provisions mandatory where summary sales have been held by tax collectors for delinquent taxes. (*Newcomb* v. *City of Newport Beach,* 7 Cal. (2d) 393, 406 [60 Pac. (2d) 825]; *Newcomb* v. *City of Newport Beach,* 12 Cal. (2d) 235, 237 [83 Pac. (2d) 21]; *In re Seick,* 46 Cal. App. 363 [189 Pac. 314]; 8 Cal. L. Rev. 450.) No such sale is involved here. The street assessment bond was foreclosed as authorized by the Street Improvement Bond Act of 1893. Section 5, subdivision *l* of that act (Stats. 1893, p. 33, as amended by Stats. 1921, pp. 556, 560) provides that the holder of a delinquent bond may file a suit to foreclose the bond in which suit the court "shall have the power to adjudge and decree a lien against the lot or parcel of land covered by said bond and to order said premises to be sold on execution as in other cases of the sale of real estate by the process of said court. . . . " Clearly, the sale made in this case by a commissioner ap-

pointed by the court after judgment rendered in a foreclosure action brought pursuant to that section, was not a sale for a "tax or assessment" under section 77 but was a judicial sale made under the order of a court having jurisdiction of the subject matter, directing the property to be sold for the purpose of carrying its judgment into effect. (Cf. *Estate of Pearsons*, 98 Cal. 603, 612 [33 Pac. 451]; *Estate of Backesto*, 63 Cal. App. 265, 268 [218 Pac. 597]; 15 Cal. Jur., p. 299.) While it is true that the bond represented an "assessment", the indebtedness evidenced by the bond became merged in the judgment (see *Adams* v. *White Bus Line*, 184 Cal. 710, 712 [195 Pac. 389]; *Timm* v. *McCartney*, 30 Cal. App. (2d) 241, 248 [85 Pac. (2d) 920]; 2 Freeman on Judgments, 5th ed., p. 1169; 34 Cor. Jur., p. 754) and the land was sold not for the assessment but to satisfy a judgment within the meaning of section 88.

As the complaint fails to show a violation of any of the provisions of section 88, no cause of action was stated against the defendants.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.