## Schell *et al. versus* Stein.

1. The recorder of deeds is not required to keep a general index of all the deed and mortgage books in his office.

2. The duty of searches is that of the officer and not of parties, and he must see to it that he makes no mistake.

3. By the Act of March 29th 1827, no more is required of the recorder than to keep an index for each book.

4. If a recorder keeps a general index and omits to index a deed in it, and thereby overlooks a deed regularly recorded and indexed in the proper book, his certificate renders him liable.

5. A person who has his deed acknowledged, recorded in the proper book and certified by the recorder, has done all the law requires.

6. Whether a person's title can be taken from him by the omission to enter the record of his deed in the particular index, *not decided.*

7. Luch's Appeal, 8 Wright 519 ; Speer *v.* Evans, Id. 141, remarked on.

[Schell v. Stein.]

October 7th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 133, of October and November Term 1873.

This was an action of ejectment, for a lot of ground in Lower St. Clair township, commenced October 16th 1872, by Joseph Schell and John Shuck against Andrew Stein.

The case was tried April 25th 1873, before Stowe, J. The title of the premises in question was, on June 6th 1856, in Andrew Stein, the defendant. On the 2d of January 1871, he mortgaged them to the plaintiffs. To December Term of the Court of Common Pleas, the mortgagees issued a scire facias on the mortgage, on which judgment was recovered. A levari facias issued to March Term 1872, under which the premises were sold to the plaintiffs, and the sheriff's deed acknowledged April 27th 1872.

The plaintiffs gave the foregoing in evidence; also that the defendant had been in possession of the premises sixteen years; was in possession at the commencement of the suit and at the trial. They then rested.

The defendant gave in evidence deed for the premises, dated January 4th 1856, from himself to Caspar Stein, acknowledged same day, with certificate of the recorder of deeds, dated January 5th 1856, endorsed, certifying that it had been recorded in the recorder's office "in deed book vol. 121, page 182."

The plaintiffs, in rebuttal, gave in evidence the certificate of the recorder of deeds of Allegheny county, dated October 14th 1872, that "he had made search in the General Index Book in recorder's office, and finds no conveyance from Andrew Stein to Caspar Stein from January 1st 1850 to October 14th 1872."

The defendant then gave in evidence deed book vol. 121, page 182, showing record of the deed, dated January 4th 1856, Andrew Stein to Caspar Stein, recorded January 5th; also the index to that volume under letter "S," as follows: "Andrew Stein *et ux.* to Caspar Stein, 182."

The court charged:—

"We instruct you *pro forma* that under the evidence, if you believe that this deed was not entered upon the Index docket at the time search was made, as shown by the evidence, your verdict should be for the plaintiff.

"There is no question, under the evidence, as to the fact that Caspar Stein purchased this property long before this mortgage, under which plaintiffs claim, was made by defendant, and that the deed, although duly recorded and indexed in the same volume, could not be found indexed upon the Index docket kept in the recorder's office. Our object now is to raise the question whether, when a party has purchased property and obtained a deed, and left it for record in the recorder's office, and where it has actually

[Schell *v*. Stein.]

been entered of record in the deed book, and indexed therein, and also duly certified upon the deed itself, as in this case, the neglect, oversight or rascality of the recorder in not entering the same upon the regular Index docket, will give another, who purchases in good faith and without actual notice of the first conveyance, title as against the first purchaser, so as to enable him to take the property. We instruct as we do *pro forma*, simply to raise this question, so that it may be in a shape to be formally determined by the Supreme Court, without the further intervention of the jury, and therefore we ask you to render your verdict for plaintiff, subject to the opinion of the court upon this question, which we will reserve for further consideration."

The jury found for the plaintiffs.

The court afterwards entered judgment for the defendant on the reserved point, *non obstante veredicto*.

The plaintiffs removed the record to the Supreme Court by writ of error, and assigned for error the entering judgment for the defendant on the reserved point.

*J. H. Miller* (with whom was *A. McBride*), for plaintiffs' in error.—The Act of March 29th 1827, sect. 5, 2 Br. Purd. 1249, pl. 7, provides that "for each and every of the books" belonging to the recorder's office, "in which deeds and mortgages may be recorded," there shall be "two indexes," one in which the names of the grantors and mortgagors, and the other the names of the grantees and mortgagees "shall be so arranged as to afford an easy and ready reference to the matters in said books." This deed not being duly indexed, was not notice: Speer *v*. Evans, 11 Wright 141; Goepp *v*. Gartiser, 11 Casey 130; Magaw *v*. Garrett, 1 Id. 319; Bolton *v*. Johns, 5 Barr 149. Indexing in the book where the deed is recorded is not in accordance with the act, which means the *general index*, and therefore was not notice: Luch's Appeal, 8 Wright 519; Price ón Limitation of Lien 348.

*C. B. M. Smith* (with whom was *S. M. Raymond*), for defendant in error, referred to Acts of May 28th 1715, March 18th 1775, sect. 1, 1 Smith L. 94, 422, 2 Br. Purd. 458, pl. 1, *et seq.*, 472, pl. 76; Act of 1827, *supra;* Luch's Appeal, 8 Wright 519.

Chief Justice AGNEW delivered the opinion of the court, November 9th 1874.

The question presented by the record in this case is, whether a deed regularly acknowledged or proved, and recorded in the proper book, and indexed in the separate index appropriated to the book, but not in the general index of all the deed books, is not defectively recorded. If it be, the conceded principle is, that a deed defectively registered is a nullity as to subsequent purchasers

[Schell *v.* Stein.]

or mortgagees. There is no law which requires the recorder to keep a general index to all the deed or mortgage books in his office. That it is a great convenience, and in the populous counties of the state has become a necessity, is evident, but it is the province of the legislature, and not of this court, to make this convenience or the necessity the subject of law. The registration of deeds is purely a system of legal institution, and not of common right or abstract justice. At common law in England, there was no system of registration, and the rule between claimants of the same title was found in the maxim, "*prior in tempore potior est in jure.*" In this state the system has been one of growth. The original Act of 1715 did not even require the record to be a book. The recorder was to provide parchment *or* good large books, and his certificate was to give the number of the book *or* roll. No provision was made for indexing until the Act of 1827, which was applicable to other offices as well as that of the recorder. But so early as 1775, the law required a bond of the recorder with sufficient sureties, which was to be held for the use of " parties that shall be damnified or aggrieved " in the same manner as sheriff's bonds. The duty of searches is that of the officer, not of parties, and he must see to it that no mistakes are made in searching. The Act of 1827 imposed no duties as to indexes, except to have one for each and every book. If greater convenience induces the recorder to keep a general index, to save the handling of different books, and he omits to index a deed in it, and thereby overlooks a deed regularly recorded and duly indexed in the proper book, his certificate makes him liable to the party who is injured by it. But surely the one who has had his deed duly acknowledged or proved, recorded in the proper book, and certified under the hand and seal of office of the recorder in due form, has done all the law requires of him. On what principle of law or sound reason shall he be required to supervise the officer's gratuitous indexing of deeds in an index not required by law ? He is not to be presumed to be familiar, and as a fact, nine out of ten persons are not familiar with the system of the office. All the citizen can be bound to know, is the law, and he is warned by no law that there must be kept a general index. Whether his title can be taken from him, by the omission to enter his recorded and certified deed in the particular index, may admit of question, but we give no opinion on this point.

Luch's Appeal, 8 Wright 519, has no bearing upon this case. That was a very peculiar case, where a most unusual instrument was recorded in a book of miscellanies, and then sought to be supported as a recorded mortgage. In Northampton county there was an actual and customary division of record books into several kinds, one being devoted specially to mortgages, and it was held that the anomalous paper in the book of miscellanies was not suf-

26 P. F. Smith—26

[Schell *v.* Stein.]

ficient as the record of a mortgage. In that case, the authority of which it is not intended to deny, Justice Read went into a discussion to show the necessity of a division of the record books according to the leading kinds of recordable deeds. In a populous city such as that of Philadelphia or Allentown, a custom so proper may be considered as having ripened into law, without questioning the custom in the more rural districts, of recording all kinds together, asserted to be the legal rule, by Chief Justice Gibson in McLanahan *v.* Reeside, 9 Watts 511. But a division of the different kinds of deeds by recording them.in different and appropriate books, whereby every one is led to confine his search to the books in which the kind he is searching for is contained, is no ground for holding that a title shall be lost to an owner whose deed is recorded and indexed in the proper book, merely because the recorder has not gratuitously indexed it in a general index of all the books.

In the case of Speer *v.* Evans, 11 Wright 141, there had been a total omission to index the mortgage according to the requirement of the Act of 1827. That case is entirely distinguishable from this, and renders it unnecessary that we should either affirm or deny the opinion expressed by Chief Justice Woodward as to the omission to index the deed at all.

Judgment affirmed.