# Woods's and Brown's Appeal.

1. Where a proper book is kept for the purpose of showing when a mortgage is left for record, the lien of the mortgage begins from the time of the entry in this book and the delay of the recorder in recording or indexing a mortgage will not divest its lien.

2. It is not incumbent upon the mortgagee to supervise the recorder and see that the mortgage is recorded and indexed.

May 15th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, and WOODWARD, JJ. WILLIAMS, J., absent.

This was the appeal of W. H. Woods and W. M. Williamson, doing business as Woods & Williamson, and of Lewis Brown and William Hibbard, trading as Brown & Hibbard, from the decree of the Court of Common Pleas of *Huntingdon county*, in the distribution of the proceeds of the sheriff's sale of the real estate of John S. Bare, No. 119, of May Term 1875.

In 1872, John S. Bare, trading as John S. Bare & Co., in Mt. Union, Huntingdon county, owned two tracts of land, one of which Bare purchased of Henry C. Shaver and John A. Gayton, trustees to sell the real estate of Henry Shaver, deceased, for which he paid $800, paying one-third when he received possession, and giving

his mortgage and judgment bond to said trustees for the balance of the purchase-money.

The day the mortgage was given, the 15th of July 1872, Gayton, one of the mortgagees, took the mortgage to the office of the recorder of the county, and handed it to the recorder, taking from him his receipt that it had been left with him for record; and from the evidence it appeared that the mortgage was entered in the entry-book kept for that purpose, on that same day, but was not recorded until about the 4th of December 1872, nor indexed until April 5th 1873, nearly nine months afterwards, when it was indexed by a new recorder.

On the 22d of November 1872 Bare gave his judgment note to Woods & Williamson for $200, on which judgment was entered on the 4th of December 1872.

On the 7th day of December 1872, Brown and Hibbard, obtained judgment against Bare, on an account for merchandise, and on the 30th of March 1873 issued execution on this judgment.

On the 9th of April 1873, Shaver and Gayton, the mortgagees, entered judgment upon the judgment bond accompanying the mortgage, and on the same day issued execution.

The two tracts of land belonging to Bare were sold on these executions, the mortgagees' tract bringing $610 and the other $450, which amounts, upon the appearance of a contest between the mortgage and the judgment creditors, the sheriff turned into court, whereupon an auditor was appointed to distribute the fund.

Before the auditor the judgment creditors contended, that they had not had notice, either actual or constructive, of the mortgage; that they believed these tracts of land to have been unencumbered, and that the Mortgage Index did not show anything recorded against them until after the execution of the judgment creditors had issued.

The question then arose, was the mortgage legally recorded, and the auditor decided that it was not, and that the subsequent judgment creditors should have priority.

The mortgage creditors excepted to the report of the auditor, alleging that he erred in not appropriating to the mortgage of Henry Shaver's trustees the sum of $534, with interest from the 22d day of February 1872, said mortgage being for the purchase-money, duly recorded, and the first lien on the land therein described, the said land having been sold by the sheriff for a sum sufficient to pay the said mortgage in full, as appears by the sheriff's return, and the testimony attached to the report of the auditor.

The court below sustained the exceptions, and decreed that the prothonotary should redistribute the fund, which was accordingly done, awarding to the mortgagees the bulk of the fund, and the balance in part payment of the judgment of Woods & Williamson.

[Woods's and Brown's Appeal.]

The judgment creditors appealed, and assigned for error this decree of the court.

*W. H. Woods*, for appellants.—A recorded mortgage not properly indexed is good as between the mortgagors and mortgagees, but not as to subsequent bonâ fide creditors or purchasers without *actual* notice of the mortgage : Speer *v.* Evans, 11 Wright 141 ; Luch's Appeal, 8 Id. 526 ; Bear *v.* Patterson, 3 W. & S. 233. It was the duty of the mortgagees to see that the mortgage was properly recorded and indexed : Mann's Appeal, 1 Barr 27 ; Bellas *v.* M'Carty, 10 Watts 26 ; Smith's Appeal, 11 Wright 140 ; Ridgway Budd & Co.'s Appeal, 3 Harris 182 ; York Bank's Appeal, 12 Casey 461 ; Hulings *v.* Guthrie, 4 Barr 124 ; Jaques *v.* Weeks, 7 Watts 261 ; Rickert *v.* Madeira, 1 Rawle 325 ; Semple *v.* Burd, 7 S. & R. 290 ; Friedley *v.* Hamilton, 17 Id. 70.

*S. T. Brown* and *J. M. Bailey*, for appellees.—The entry book in which the entry was made on the receipt of the mortgage was a book publicly kept in the office for that purpose, in its regular place, and showed the number, names of parties and date of the mortgage and when it was left for record. These entries in a book thus kept are in compliance with the Act of Assembly, March 28th 1820, Purd. Dig. 478. The mortgage commenced its lien the moment it is left for record and in endorsed by the recorder and entered upon the recorder's book : Musser *v.* Hyde, 2 W. & S. 314 ; Brooke's Appeal, 14 P. F. Smith 127.

The judgment of the Supreme Court was entered May 22d 1876,

Per Curiam.—We are of opinion that the entry for record in the proper book kept for the purpose of the mortgage of John S. Bare to Shaver and Gayton, gave it a lien which was not divested by the delay of the recorder of deeds in recording and indexing the mortgage. Under the law the lien of the mortgage begins when it is left for record and entered in this book, which the law requires to be kept for the purpose of showing what deeds or mortgages are left for record. It is not so easy to see on what principle a duty rests on the mortgagee to supervise the actions of the recorder, and to see that he makes the record and indexes it immediately. The law having provided the entry-book to give notice of the fact that the instrument is left for record, the rest depends on the number to be recorded, and the force of the recorder to write up the record books.

Decree affirmed with costs and appeals dimissed with costs to be paid by the appellants.