# Prouty *v.* Marshall, Appellant.

*Mortgage—Record—Mistake in recording—Indexing.*

1. When a mortgage is defectively recorded and wrongly indexed, by inserting a wrong initial in entering the name of the mortgagor, the correct name being entirely omitted from the record, a purchaser of the mortgaged premises, without actual notice, is not chargeable with notice of such mortgage, and, as terre-tenant of the premises, is not subject to its enforcement against him.

2. The chief object to be attained, by recording and indexing an instrument, affecting the title to real estate, is to give notice of the incumbrance; it is therefore the duty of a person offering an instrument for record to see that it is both properly recorded and properly indexed. If he fails to do so, he cannot shift the consequence upon an innocent purchaser.

3. Under the Act of March 18, 1875, P. L. 32, defective indexing is as fatal to a mortgage as against subsequent purchasers and mortgagees, as defective recording.

Argued April 20, 1909. Appeal, No. 260, Jan. T., 1908, by defendants, from judgment of Superior Court, Oct. T., 1907, No. 75, affirming judgment of C. P. Clearfield Co., Sept. T., 1906, No. 115, on verdict for plaintiff in case of Agnes Prouty *v.* L. J. Marshall and A. A. La Rue, Terre-tenant. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Appeal from judgment of the Superior Court. See 36 Pa. Superior Ct. 527.

The facts appear by the opinion of the Supreme Court, and from the report in 36 Pa. Superior Ct. 527.

*Errors assigned* were in affirming the judgment of the trial court.

*A. L. Cole,* for appellants.

*W. C. Pentz,* with him *W. L. Calkins,* for appellee.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

The precise question here presented for determination is whether, when a mortgage is defectively recorded, and wrongly indexed, by inserting a wrong initial, in entering the name of the mortgagor, the correct name being entirely omitted from the record, a purchaser of the mortgaged premises, without actual notice, is chargeable with notice of such mortgage, and as terre-tenant of the premises, subject to its enforcement against him.

It appears from the record, that on January 20, 1900, L. J. Marshall executed and delivered to Agnes Prouty a purchase money mortgage, secured upon premises in Dubois borough, Clearfield county. On February 6, 1900, the mortgage was delivered for record by the mortgagee to the recorder of deeds for Clearfield county, and the fee for recording paid to him. The recorder subsequently returned the mortgage to the mortgagee, with his certificate indorsed upon it, certifying that it had been recorded.

The recorder, however, had not recorded the mortgage as executed by L. J. Marshall, and had not indexed it under the name of L. J. Marshall. But upon the record the name of the mortgagor, wherever it appeared, was written "S. J. Marshall," and the only name entered on the indexes was that of "S. J. Marshall."

On August 25, 1903, A. A. La Rue purchased the mortgaged premises and the same were conveyed to him by Marshall. La Rue had no actual notice of the mortgage to Prouty. On July 10, 1906, a scire facias was issued on the mortgage against Marshall as mortgagor and La Rue as terre-tenant, to recover a balance claimed to be due the mortgagee. La Rue, the terre-tenant, defended upon the ground that neither the mortgage books nor the mortgage indexes in the recorder's office showed any mortgage executed by L. J. Marshall or contained any record of the mortgage sued on.

Upon the trial in the court of common pleas, the trial judge directed a verdict for the plaintiff, reserving a point requesting binding instructions for the defendants. The court subsequently overruled a motion for judgment on the reserved

point, non obstante veredicto, and entered judgment on the verdict. The terre-tenant appealed to the Superior Court, which affirmed the judgment of the court below. The present appeal is by the terre-tenant from the decree of the Superior Court, which is assigned for error.

An examination of the cases cited in the opinion of the Superior Court, shows that none of them presented facts similar to those in the case at bar, and in none of them was the exact question here presented, considered. Thus in Speer v. Evans, 47 Pa. 141, the case turned upon the question of actual notice, and it was held that actual notice is equivalent to the constructive notice given by the mortgage index. In Brooke's Appeal, 64 Pa. 127, the point decided was, that, under the Act of May 28, 1775, 1 Sm. L. 94, a mortgage has priority of lien from the moment when it is left with the recorder for record, not from the time when it is actually recorded. In Schell v. Stein, 76 Pa. 398, the instrument was properly recorded, but not indexed, in a general index. It was held that as the law then stood, the recorder of deeds was not required by the Act of March 29, 1827, P. L. 154, to keep a general index of all the deed and mortgage books in his office, but only to keep an index for each book. The law in this respect has been changed by the Act of March 18, 1875, P. L. 32, and general indexes are now required to be kept, and failure to index renders the record defective. The case of Wood's and Brown's Appeal, 82 Pa. 116, also arose before the passage of the act of 1875, and it held, that the entry of the mortgage in the proper book gave it a lien, which failure to index would not disturb. The case of Glading v. Frick, 88 Pa. 460, also arose before the act of 1875. It was there decided that, "Where certain instruments of writing are not required by law to be recorded in a particular book, they may be recorded in any book kept by the recorder; and a building contract is valid although recorded in a deed book." In Wyoming National Bank's Appeal, 11 W. N. C. 567, the syllabus reads: "Where a mortgage is left for record and actually recorded, its lien will not be postponed to a subsequent judgment, by reason of the fact that the recorder has failed to enter the same on the book of

entries, or upon the index." But this court was careful to point out (p. 568) that, "The mortgage in question was left at the recorder's office in 1873, prior to the passage of the act of March 18, 1875, so that it is not necessary to inquire whether the failure to index deprived the mortgagee of his security." Clader v. Thomas, 89 Pa. 343, and Paige v. Wheeler, 92 Pa. 282, enunciate no new principle, and both cases arose prior to the act of 1875. Stockwell v. McHenry, 107 Pa. 237, does not bear directly upon the question raised by the present appeal. As pointed out by the Superior Court, the case related to an instrument recorded in 1865, and therefore the indexing act of 1875 did not apply. It was expressly held (p. 244) that the act of 1875 was not retroactive. In the case of Farabee v. McKerrihan, 172 Pa. 234, the mortgage was actually recorded and indexed, but in the deed book and deed index, and not in the mortgage book and mortgage index. It was held that as recording in the deed book, and indexing in the deed index placed the incumbrance in the line of title of the mortgagor, where it could be discovered with the same ease and certainty as if it had been placed in the mortgage book index, by anyone examining the title, it was sufficient notice to preserve the lien.

The great object to be attained, by recording and indexing an instrument affecting the title to real estate, is to give notice of the incumbrance. This principle seems to have been overlooked in the present case, for in reaching a conclusion, both the Superior Court and the trial court apparently gave little heed to the fact that the prime purpose of the law, in providing for the recording of deeds and mortgages, is to give notice to intending purchasers, or to others who may be interested, that the conveyance or incumbrance stands in the line of title to the property which it describes. The object of the recording acts is to give notice to the world of that which is spread upon the record. Therefore, the record is constructive notice to all persons, without regard to the fact of actual notice. Under our system, the record is open to everyone who desires to ascertain the condition of the title to any piece of real estate, in so far as its ownership is concerned, or

as to incumbrances thereon, and everyone is bound to take notice of what the record shows, and searchers may rely upon the record as it stands. If this were not so, no one would be safe in purchasing real estate, or in loaning upon the strength of it, as security.

In the present case, the mortgage sued upon was never correctly recorded. The mortgage on record purports to have been executed by S. J. Marshall, and the name of L. J. Marshall does not appear upon it. The record of a mortgage given by S. J. Marshall is not notice to anyone seeking for incumbrances against L. J. Marshall. The same error was made in indexing the instrument. It was indexed as S. J. Marshall, and no mortgage given by L. J. Marshall appears upon the index. As the statute requires the recorder to keep mortgage indexes, and sec. 3 of the Act of March 18, 1875, P. L. 32, expressly provides that the entry of mortgages in said index, shall be notice to all persons of the recording of the same, the appellant here was entitled to rely upon what appeared on the index, and that showed no mortgage given by L. J. Marshall.

Considerable stress was laid upon the fact that the recorder had certified that the mortgage was recorded; but that can make no difference whatever as to notice to the purchaser, which is the only question that concerns him. He never saw the certificate of the recorder; that was given to the mortgagee, and was for her benefit. If the recorder was negligent in his duty, and gave her a false certificate, she has doubtless her right of action for damages against him. But the error made by the recorder does not alter the fact that no notice of the mortgage, either actual or constructive, was given to the purchaser. He therefore took the land free of any such incumbrance, and it cannot be enforced against him. The motion for judgment in favor of defendant, non obstante veredicto, should have been sustained.

It should be remembered that in this case the mortgage was neither recorded properly nor indexed properly; both recording and indexing were alike defective, and each of the defects was fatal to the claim of the mortgagee.

The failure to index properly is made so by the Act of April 18, 1875, P. L. 32, which after requiring in the first section, the recorder to prepare and keep two general indexes, the one direct, and the other ad sectum, of all mortgages recorded in his office, goes on to provide:

"Sec. 2. As soon as said indexes are prepared, it shall be the duty of the recorder to index in its appropriate place and manner every deed and mortgage thereafter recorded in his office, at the time the same is recorded; and in case he neglect to do so, he and his sureties shall be liable in damages to any person aggrieved by such neglect." In Pyles v. Brown, 189 Pa. 164, our Brother FELL said (p. 168), that this act "was probably passed to remedy the defects in the recording acts pointed out by Chief Justice AGNEW in the opinion in Schell v. Stein, 76 Pa. 398, decided in 1874." There it was said (p. 400): "The question presented by the record in this case is, whether a deed regularly acknowledged or proved, and recorded in the proper book, and indexed in the separate index appropriated to the book, but not in the general index of all the deed books, is not defectively recorded. If it be, the conceded principle is, that a deed defectively registered is a nullity as to subsequent purchasers or mortgagees. There is no law which requires the recorder to keep a general index to all the deed or mortgage books in his office. That it is a great convenience, and in the populous counties of the state has become a necessity, is evident, but it is the province of the legislature, and not of this court, to make this convenience or the necessity the subject of law."

The needed legislation thus pointed out, requiring the keeping of general indexes, was provided by the act of 1875, and thereafter under the reasoning of Justice AGNEW, supra, the failure to index in the general index became such a defect in the recording, as to make it a nullity to subsequent purchasers or mortgagees.

In 1 Jones on Mortgages (6th ed., 1904), sec. 515, it is said: "If the record of a deed be defective for any cause, it is constructive notice of only what the record contains, in case the record is not an accurate transcript of the instrument. This

is the view sustained by the greater number of decisions and by the greater weight of reason, as distinguished from the view that the filing of the deed operates as a record of it, and that it is constructive notice from such time of the actual contents of the deed," citing Heister v. Fortner, 2 Binn. 40; Schell v. Stein, 76 Pa. 398, and cases in California, Indiana, Maine, Maryland, Michigan, Minnesota, Missouri, New Jersey, New York, Virginia and Wisconsin.

So also in 2 Pomeroy's Equity Juris. (3d ed., 1905), sec. 654, there is a clear statement of what we think is a sound principle. It is there said: "A record is a constructive notice only when and so far as it is a true copy, substantially even if not absolutely correct, of the instrument which purports to be registered, and of all its provisions. Any material omission or alteration will certainly prevent the record from being a constructive notice of the original instrument, although it may appear on the registry books to be an instrument, perfect and operative in all its parts. The test is a plain and simple one. It is whether the record, if examined and read by the party dealing with the premises, would be an actual notice to him of the original instrument and of all its parts and provisions. By the policy of the recording acts, such a party is called upon to search the records, and he has a right to rely upon what he finds there entered as a true and complete transcript of any and every instrument affecting the title to the lands with respect to which he is dealing. A record can only be a constructive notice, at most, of whatever is contained within itself. . . . The same rule applies to the record of mortgages and all other incumbrances which can be recorded. The language, both of the original and of the record, must be such that if a subsequent purchaser or incumbrancer should examine the instrument itself, he would obtain thereby an actual notice of all the rights which were intended to be created or conferred by it."

In the case at bar, the duty was upon the mortgagee to give notice that L. J. Marshall had executed to her a mortgage upon the premises in question. If from any cause she fell short of giving legal notice, the consequence must fall upon

her. She cannot hide behind the mistake of the recorder. It is an easy matter for a mortgagee, or a grantee in each particular instance, either in person, or by a representative, to look at the record, and see that the instrument has been properly entered. The instrument itself is at hand. The names of the parties are known, and comparisons are easily made. How would it be possible for a subsequent purchaser to know anything about the facts? The duty thus imposed upon the mortgagee in this respect, involves no more, and no less, than is required of a mortgagee, for his own protection, when before the money is paid out upon the loan, an inspection of the judgment indexes is necessary to see whether or not a judgment has been entered against the mortgagor upon the same day on which the mortgage is recorded. Some care must be exercised in every such transaction. There is every reason why it should be made the duty of the mortgagee to see that his instrument is properly recorded. This will not in any way interfere with the principle that when the instrument is certified as recorded, it shall import notice of the contents from the time of filing. But that must be understood as in connection with an instrument properly recorded. As said above, the record is notice of just what it contains, no more and no less. The obligation of seeing that the record of an instrument is correct, must properly rest upon its holder. If he fails to protect himself, the consequence cannot justly be shifted upon an innocent purchaser.

The judgment of the Superior Court is reversed, as is also that of the court of common pleas, and it is ordered that judgment in favor of the terre-tenant be entered, non obstante veredicto.