## Clause v. Labar

*Timothy B. Fisher*, for plaintiffs.

*John J. Dunn, Sr.*, for defendant Robert Long.

KOSIK, *P.J.*, February 19, 1981—This case was heard by the court without a jury pursuant to an agreement between counsel.

Plaintiffs purchased three parcels of land located in Lehigh Township, Lackawanna County, at a public sale held on September 27, 1968. One parcel of land was redeemed and plaintiffs received Treasurer's Deeds for the remaining two parcels. The par-

cel of land in question was owned and assessed to defendant Carl H. Labar at the time of the tax sale. This property is located on Dutter's Road to the rear of Bear Lake Road in Lehigh Township, Lackawanna County. The price paid by plaintiffs for said property was $217.60, which was the unpaid real estate taxes for 1964, 1965, 1966 and 1967. A record of the sale was made in the Treasurer's Deed Book No. 2, Page 158. However, due to a clerical error, the location of the lot in question was recorded as being on Melvin Road in Lehigh Township, instead of being correctly recorded as located in the rear of Bear Lake Road in Lehigh Township. Plaintiffs never recorded the County Treasurer's Deed, which they received for the said premises, in the Office of the Recorder of Deeds, Lackawanna County.* Plaintiffs did, however, pay the real estate taxes assessed to the property from 1969 to 1977.

On April 14, 1975, defendant Robert Long purchased the property in question from defendant Carl Labar for $4,000. Defendant Robert Long retained counsel who conducted a title search on the premises in question. The deed conveying the property to defendant Robert Long is recorded in the Office of Recorder of Deeds, Lackawanna County.

Plaintiffs instituted this action against defendants raising two counts: Count I, action to quiet title, and Count II for money damages for the taxes paid on the property. Count II of the complaint was subsequently dismissed on preliminary objections; Count I, the action to quiet title, remained.

---

* It should be noted that the County Treasurer's Deed, which plaintiffs received for the premises, did contain a correct description of the lot in question.

A final judgment on the quiet title action was entered against the defendant, Carl H. Labar, on May 28, 1980 by the Clerk of Judicial Records, Lackawanna County. The case as to defendant, Robert Long, was heard by the court without a jury on December 30, 1980. At the close of the plaintiffs' case, defendant moved for a nonsuit. The court reserved its decision on this request; and, defendant proceeded to present his evidence. Plaintiff, George Clause, testified that when he received the Treasurer's Deed to the property in question a Deed Book and Page Number appeared at the bottom. He assumed that this indicated that the Treasurer's Deed had been recorded and he was not aware that he was required to record the Deed in the Office of the Recorder of Deeds. However, on cross-examination, he admitted that he had been a real estate broker since 1971.

Evidence presented at the trial showed that an error occurred in the description of the property in question in the County Treasurer's Deed Book. The County Treasurer's acknowledgment of the property sold at the tax sale described the property in question as being located on Melvin Road, instead of correctly describing the property as being located on rear Bear Lake Road.

A grantee should do more than merely leave the instrument for record; he should examine the record and see that no mistake has been made in either indexing or transcribing. It is his duty to do so, for the chief object of recording is to give notice of the instrument recorded. If he fails to do so, he cannot shift the consequences to an innocent purchaser. Ladner, Conveyancing in Pennsylvania, Section 18.07 (1979). As the court in Prouty v. Marshall, 225 Pa. 570, 577, 74 Atl. 550, 552 (1909) stated: "As

said above, the record is notice of just what it contains, no more and no less. The obligation of seeing that the record of an instrument is correct, must properly rest upon its holder. If he fails to protect himself, the consequence cannot justly be shifted upon an innocent purchaser."

Plaintiffs contend that even though they failed to record the Treasurer's Deed to the property in question and they failed to check the records for mistakes, defendant had constructive notice of plaintiffs' interest in the property; and therefore, defendant was not an innocent bona fide purchaser. Plaintiffs argue that a search of the tax records of the property in question would have given the defendant constructive notice of plaintiffs' interest in the property. However, it has been held that the mere assessment and payment of taxes is not constructive notice of legal or equitable title which will bind a purchaser without other notice. Morey v. Herrick, 18 Pa. 123 (1851). While Morey, supra, is distinguishable from the instant case on its facts, we believe that the above principle is still applicable.

After a careful review of the evidence presented at trial, we must conclude that the defendant was an innocent bona fide purchaser. Defendant learned of the property in question through a newspaper ad. He contacted an attorney who conducted a title search of the property and handled the transaction. In 1975 he made extensive improvements to the property, adding a new room. It was not until 1977 that defendant learned of plaintiffs' interest.

Plaintiffs must bear the responsibility for their failure to properly record their Treasurer's Deed and for their failure to insure that the County Treasurer's acknowledgement was properly transcribed. Defendant's search of the records and view of the

property did not give him constructive notice of the plaintiffs' interest in the property in question. Accordingly, we must find for defendant, Robert Long, in this case.