IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Rivera,               :
                                    :
                   Petitioner   :
                                      :
               v.            :  No. 673 M.D. 2019
                                    :  Submitted:  October 16, 2020
Pennsylvania Department of   :
Corrections, Bureau of Health  :
Care Services,             :
                                      :
               Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED:  August 23, 2021

Before this Court, in our original jurisdiction, are the Pennsylvania Department of Corrections, Bureau of Health Care Services' (Department) preliminary objections in the nature of a demurrer to the petition for review (Petition) filed *pro se* by Carlos Rivera (Inmate).[1]  In his Petition, Inmate alleges that the Department violated his constitutional rights against cruel and unusual punishment under the Eighth Amendment to the United States Constitution,[2] and under Article

---

[1] Petitioner Carlos Rivera's name is written with an alternative spelling on some documents that have been filed with this Court.  We will use "Rivera" as the spelling of his surname.

[2] The Eighth Amendment states:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "The Eighth Amendment is made applicable to the states through the Fourteenth Amendment [U.S. Const. **(Footnote continued on next page…)**

I, Section 13 of the Pennsylvania Constitution,[3] when it failed to provide him with appropriate medical treatment for problems with his spine and back, severe pain, and chronic nerve damage. Inmate also alleges that the Department is vicariously liable for its employees' medical negligence. Inmate seeks declaratory and injunctive relief, along with compensable damages, reasonable attorney's fees, and costs. After careful review, we sustain the Department's preliminary objections and dismiss Inmate's Petition, because he failed to aver the necessary facts to support his claims.

The facts as averred in Inmate's Petition are as follows. Inmate is currently incarcerated in the State Correctional Institution at Forest (SCI-Forest). Petition ¶1. Inmate has been diagnosed by the Department with "severe problems to his spine and back." *Id.* ¶10. In June 2018, the Department ordered an x-ray for Inmate, provided him with a lumbar support belt, placed him on, and took him off, the pain medication, Pamelor. *Id.* ¶16. Inmate's medical records state that he had been instructed to do exercises, but does not require a magnetic resonance imaging scan (MRI) or extensive physical therapy. *Id.* During a "sick call" at SCI-Forest on January 24, 2019, the Department diagnosed Inmate as suffering from "a pressure fracture in/on his spine, nerve damage related to d[e]bilitation of his sciatic[] nerve, deter[ior]ation o[f] his sciatic[] nerve, and a growing amount of arthritis." *Id.* ¶¶11, 12. At that visit, Inmate described his pain as so intense that he can "barely sleep at night, and when he does eventually fall asleep, the pain then wakes him up." *Id.* ¶13. The Department continued to treat Inmate with various medications, including pain relief medications and "different psychiatric medication[s]," which did not

---

amend. XIV.]" *Commonwealth v. Real Property & Improvements Commonly Known as 5444 Spruce Street*, 832 A.2d 396, 399 (Pa. 2003).

[3] Article I, Section 13 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. art. I, §13.

noticeably reduce his pain or have any effect on his symptoms. *Id.* ¶14. The Department also scheduled Inmate for physical therapy, which he avers is "substantially inadequate." *Id.* ¶15. Inmate admits that "the medical department does see him when he submits paperwork requests which cost him a co-pay," although he avers that it is "not responsive to his medical needs and often tell him there is nothing more that can be done," other than the treatment it is already providing. *Id.* ¶17. Based on his own medical research, Inmate avers that he should receive an imaging test such as a "CAT Scan or [MRI]" for his chronic back pain, which the Department has refused "numerous times." *Id.* ¶20. Based on his own research, Inmate avers that his symptoms "may be a sign of cancer, a herniated disk or disks[,] or a number of other serious medical problems that [he] wishes to avoid." *Id.* ¶21.

After Inmate utilized the Department's grievance procedures, which did not afford him the relief that he sought, he filed the instant Petition in this Court's original jurisdiction. Inmate seeks a declaratory judgment from this Court that the Department violated his rights under the Eighth Amendment and under Article I, Section 13, which prohibit cruel and unusual punishment. Inmate also seeks injunctive relief, to compel the Department to schedule an appointment for him to see a specialist; to follow the specialist's orders; to schedule an MRI or similar test; and to reveal the results to him. Inmate further seeks to hold the Department vicariously liable for negligent acts committed by its employees or agents as they relate to the medical care that he is receiving. Inmate also seeks compensatory damages, reasonable attorney's fees, and costs.

The Department filed preliminary objections in the nature of a demurrer to the Petition,[4] and Inmate filed an amended response. The Department seeks dismissal of Inmate's Petition because he failed to state a claim that the Department subjected him to cruel and unusual punishment, and because he failed to establish sufficient personal involvement by the Department to sustain a negligence claim. Inmate responds that the Department's actions to deny him the tests and treatment that he seeks for his chronic back pain constitute deliberate indifference in violation of his constitutional rights.

As indicated, Inmate asserts that the Department violated his right to be free from cruel and unusual punishment under the Eighth Amendment and Article I, Section 13. Because the guarantee against cruel and unusual punishment in Article I, Section 13 provides "no greater protection than that afforded by the United States Constitution," our analysis of Inmate's Eighth Amendment claim will also determine the sufficiency of his claim under the Pennsylvania Constitution. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1036 n.8 (Pa. Cmwlth. 2014).

To state a cognizable claim for improper medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such

---

[4] Pa. R.C.P. No. 1028(a)(4) permits preliminary objections to be filed for "legal insufficiency of a pleading (demurrer)." When ruling on preliminary objections, this Court shall sustain such objections and dismiss the petition for review, only in cases that are clear and free from doubt that the law will not permit recovery. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the petition for review and all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. A demurrer will not be sustained unless the face of the petition for review shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992) (internal citations omitted).

indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). This standard requires both deliberate indifference on the part of prison officials and that the medical needs are serious. *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978). Whether a medical need is serious is determined by an objective review of whether the deprivation suffered by the prisoner is "sufficiently serious," and that a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

Common factors relied upon by the courts to determine whether a medical need is serious include: a need that has been diagnosed as requiring treatment; a need that is so obvious that a lay person would easily recognize the necessity for a doctor's attention; a need where denial or delay of treatment causes an inmate to suffer a life-long handicap or permanent loss; a need where denial or delay of treatment results in unnecessary and wanton infliction of pain; a need that significantly affects an inmate's daily activities; or a need that causes chronic and substantial pain. *Tindell*, 87 A.3d at 1038-39. When an inmate's claim is based on a failure to prevent a future harm, the inmate must show that he is incarcerated under conditions "posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. at 834.

Whether a prison official's actions meet the deliberate indifference standard is a subjective inquiry "requiring the demonstration of a state of mind akin to criminal recklessness." *Tindell*, 87 A.3d at 1039. Relying on *Farmer v. Brennan*, this Court has held that to demonstrate deliberate indifference to medical needs, an inmate must establish that: "(i) the prison official knew of and disregarded an excessive risk to inmate health or safety; (ii) the prison official was aware of facts

5

from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference." *Id.*

A difference of opinion as to the proper treatment to be received by an inmate does not, in and of itself, state a constitutional violation. *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). Courts will not attempt to "'second-guess the propriety or adequacy of a particular course of treatment,'" which remains a question of sound medical judgment. *Kretchmar v. Department of Corrections*, 831 A.2d 793, 799 (Pa. Cmwlth. 2003) (citation omitted). Medical care complaints that reflect a disagreement with physicians over the proper means of treating an inmate's condition do not rise to the level of a constitutional violation. *Id.* Thus, "'the key question . . . is whether [prison officials] have provided [the inmate] with some type of treatment, regardless of whether it is what [the inmate] desires.'" *Farmer*, 685 F. Supp. at 1339 (citation omitted).

Here, the Department does not argue that Inmate's medical condition is not serious. The Department argues, however, that Inmate's Petition fails to aver sufficient facts to show the Department acted with deliberate indifference to his chronic back pain. The Department argues that Inmate's claim is a disagreement of opinion between himself and medical personnel over the best course of treatment and, therefore, does not state a viable Eighth Amendment claim. Although Inmate alleges that the Department's staff's refusal to order a "CAT Scan or [MRI]" shows that the Department's staff is deliberately indifferent to his condition, he avers no facts to support this legal conclusion.

As noted above, in ruling on preliminary objections, the Court need not accept as true conclusions of law or expressions of opinion. *Stone and Edwards Insurance Agency, Inc.*, 616 A.2d at 1063. In his Petition, Inmate acknowledges that

6

the Department's staff diagnosed his condition as a pressure fracture in/on his spine, nerve damage and deterioration to his sciatic nerve, and arthritis, ordered an x-ray, provided him with a lumbar support belt, scheduled him with physical therapy, instructed him to do exercises, prescribed various pain medications, and prescribed various psychiatric medications, all in an effort to relieve and treat his back pain. *See* Petition ¶¶11-16. Inmate admits that the medical department has seen him whenever he submitted a request for treatment. *Id.* ¶17. Inmate's complaint is that the Department has failed to send him to a specialist and to order a "CAT Scan or [MRI]," which does not rise to the level of a constitutional violation. Medical care complaints which reflect a disagreement with physicians over the proper means of treating an inmate's condition do not rise to the level of a constitutional violation. *Kretchmar*, 831 A.2d at 799. Upon careful review of Inmate's Petition, we conclude that the Department provided him with various types of treatment for his condition, even though it is not the treatment that he desires. *Farmer*, 685 F. Supp. at 1339. Therefore, based on the facts averred in Inmate's Petition, we cannot conclude that the Department acted with deliberate indifference to his medical condition.

Inmate's Petition focuses on whether the Department's medical care violated his constitutional rights, but it is entitled "Petition for Review Related to Medical-Professional Liability [42 Pa. C.S. §8522(b)(2)]," therefore we will address this issue. *See* Petition ¶1. On this point, Inmate argues that the Department should be liable for the negligent acts of its health care employees under Section 8522(b)(2) of the Judicial Code, 42 Pa. C.S. §8522(b)(2). Section 8522(b)(2) provides that the defense of sovereign immunity shall be waived for negligent acts "of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care

7

personnel." The Department acknowledges that the General Assembly has waived the Commonwealth's sovereign immunity for acts of negligence in cases of medical professional liability under Section 8522(b)(2) of the Judicial Code. The Department argues, however, that this exception applies only to the acts of Commonwealth health care employees, and that Inmate has failed to name any individual Department health care employees in his Petition. *Moser v. Heistand*, 649 A.2d 177, 181 (Pa. Cmwlth. 1994), *aff'd*, 681 A.2d 1322 (Pa. 1995). The Department further argues that a public official is not vicariously liable for the negligent acts of a subordinate employee, citing *Antonis v. Liberati*, 821 A.2d 666, 668 (Pa. Cmwlth. 2003). On this point we agree with the Department, and we conclude that because Inmate failed to name any individual Department employees who were allegedly professionally negligent, Inmate has failed to state a claim for negligence under 42 Pa. C.S. §8522(b)(2).

Similarly, the Department argues that because Inmate failed to aver specific facts that the Department was sufficiently personally involved in the alleged violation of his constitutional rights, it cannot be held vicariously liable for the acts of its employees. Inmate relies on the theory that the Department or its supervisory employees should be vicariously liable for the acts of its subordinate employees in violating his constitutional rights. The Department argues that a constitutional claim under Section 1983, 42 U.S.C. §1983, (relating to violation of civil rights) requires personal participation in the alleged wrongdoing. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003). The Department further argues that Inmate failed to demonstrate that the Department or its officials were personally involved, had actual knowledge of, or acquiesced in, the alleged constitutional harm. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The Department further argues

8

that the theory of *respondeat superior* may not be used to impose liability against a government or a supervisor, merely by virtue of his or her position. *Monell v. Department of Social Services*, 436 U.S. 658, 690-95 (1978). After careful review of the Petition, we conclude that Inmate has failed to plead specific facts regarding the Department's personal involvement in his constitutional claim. Inmate failed to name individual prison officials in his Petition, and he did not aver that any prison official was personally involved in the alleged denial of his constitutional rights. Further, under *Antonis*, Inmate cannot prevail under a theory of vicarious liability or *respondeat superior*.

Finally, because he is not the prevailing party, Inmate is not entitled to compensatory damages. *See* 42 U.S.C. §1988(b). Further we conclude that Inmate is not entitled to attorney's fees and costs, because it is "well[-]settled that a *pro se* litigant cannot recover attorney's fees for the work expended in litigating his or her own case." *Kanofsky v. Tax Review Board* (Pa. Cmwlth., No. 2740 C.D. 2015, filed January 5, 2017), slip op. at 4.[5]

For the foregoing reasons, we sustain the Department's preliminary objections, and dismiss Inmate's Petition, with prejudice.


_____
MICHAEL H. WOJCIK, Judge

Judge McCullough concurs in result only.

---

[5] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Rivera, : 
                          : 
               Petitioner : 
                          : 
            v. : No. 673 M.D. 2019
                          : 
Pennsylvania Department of : 
Corrections, Bureau of Health : 
Care Services, : 
                          : 
               Respondent : 

# **O R D E R**

AND NOW, this 23rd day of August, 2021, the preliminary objections of the Pennsylvania Department of Corrections, Bureau of Health Care Services, are SUSTAINED, and Carlos Rivera's Petition for Review is DISMISSED with prejudice.

_____
MICHAEL H. WOJCIK, Judge